# CHASE MANHATTAN MORTGAGE CORPORATION *v.* MICHAEL L. BURTON
## (AC 23975)

Foti, West and Hennessy, Js.

Argued December 3, 2003—officially released February 24, 2004

*Kerry M. Wisser*, with whom, on the brief, was *Nathan A. Schatz*, for the appellant (defendant).

*Jennifer S. Allison*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant, Michael L. Burton, appeals from the trial court's judgment of strict foreclosure and from the denial of his motion to open and vacate that judgment. On appeal, the defendant claims that the court improperly rendered the default judgment of strict foreclosure in violation of Practice Book § 17-32 (b). We conclude that the appeal is moot and must, therefore, be dismissed.

The following facts and procedural history are relevant to the resolution of the defendant's claims. On July 24, 2002, the plaintiff, Chase Manhattan Mortgage Corporation, filed this action against the defendant, seeking foreclosure of the mortgage on the defendant's real property. The defendant subsequently filed a pro se appearance, but did not file any pleadings. Consequently, on August 29, 2002, the plaintiff filed a motion for default for failure to plead and a motion for judgment of strict foreclosure. On September 11, 2002, the court clerk granted the motion for default. On September 16, 2002, the court granted the plaintiff's motion for judgment of strict foreclosure and sent notice of its judgment on September 17, 2002. The court set the law day for October 15, 2002, and, because the defendant did not redeem on that day, title vested in the plaintiff.

On November 27, 2002, the defendant, through counsel, filed a motion to open and to vacate the judgment of strict foreclosure. On February 7, 2003, after a hearing, the court denied the defendant's motion to open and sent notice of its denial on February 19, 2003. On February 28, 2003, the defendant filed this appeal from

the judgment of strict foreclosure[1] and from the denial of his motion to open and to vacate the judgment of strict foreclosure. On May 27, 2003, the plaintiff filed a motion to dismiss the appeal as moot. This court denied that motion on June 25, 2003.[2] Additional facts and procedural history relevant to the defendant's claims will be set forth as necessary.

"Mootness implicates the subject matter jurisdiction of this court. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . If no practical relief can be afforded to the parties, the appeal must be dismissed." (Citations omitted; internal quotation marks omitted.) *Edgewood Village, Inc.* v. *Housing Authority*, 54 Conn. App. 164, 167, 734 A.2d 589 (1999).

Here, notice of the court's judgment of strict foreclosure was sent on September 17, 2002, which began the twenty day appeal period as well as a twenty day automatic stay. See Practice Book §§ 63-1 and 61-11. Both the appeal period and the automatic stay expired on October 7, 2002.[3] The court set the law day for October 15, 2002, and, because the defendant did not redeem on that day and because the automatic stay

---

[1] The defendant's appeal from the judgment of strict foreclosure, which he filed more than five months after the judgment was rendered, is untimely. The plaintiff, however, did not file a motion to dismiss on that ground, thereby waiving any objection to the appeal's timeliness. We therefore will consider the defendant's claim. See *Savage* v. *Savage*, 25 Conn. App. 693, 694 n.1, 596 A.2d 23 (1991).

[2] The plaintiff also filed a motion for reconsideration en banc on July 7, 2003, which this court denied on October 15, 2003.

[3] Although the defendant's motion to open would have extended the appeal period pursuant to Practice Book § 63-1 (c), and, therefore, the automatic stay pursuant to Practice Book § 61-11 (a), he did not file his motion until November 27, 2002, which was after the original appeal period and automatic stay had expired and after title had already vested in the plaintiff. Furthermore, the defendant did not file this appeal until February 28, 2003, which prevented the continuation of the stay pursuant to § 61-11 (a).

had expired, title vested in the plaintiff. If title vested absolutely at that time, there would be no practical relief that this court can grant, which would render this appeal moot. See *Barclays Bank of New York* v. *Ivler*, 20 Conn. App. 163, 167, 565 A.2d 252, cert. denied, 213 Conn. 809, 568 A.2d 792 (1989). We recognize, however, that the question of mootness is intertwined with the only issue raised on appeal, whether title vested properly in the plaintiff.

The defendant claims that title did not vest absolutely because a procedural error (1) caused an improper entry of the default judgment and (2) was an adequate ground for opening the judgment.[4] Specifically, the defendant argues that the court did not wait the requisite fifteen days after entering the default to render the judgment of strict foreclosure pursuant to Practice Book § 17-32 (b). Because this same procedural error underlies both of the defendant's claims,[5] we will address the claims jointly.

The resolution of the defendant's claim of procedural error requires this court to examine Practice Book §§ 17-32 (b) and 17-33 (b), which pertain to when a judgment may be entered where a defendant is in default for failure to plead. That examination requires us to apply our well settled principles of statutory construction. See *Doe* v. *Connecticut Bar Examining Committee*, 263 Conn. 39, 61, 818 A.2d 14 (2003). "Statutory

---

[4] Specifically, the defendant argues that such procedural error is an adequate ground for opening a judgment of strict foreclosure pursuant to General Statutes § 49-15, which prohibits the opening of a judgment of strict foreclosure when "title has become absolute in any encumbrancer," because such error in the entry of the default judgment prevented title from vesting absolutely in the plaintiff.

[5] The defendant also claims that the judgment should be opened because he did not receive notice of the court's entry of the judgment of strict foreclosure. The defendant recognizes, however, that "the limited scope of appellate review applicable to that factual finding [by the trial court] will prevent him from being able to successfully challenge that finding on appeal."

construction is a question of law and therefore our review is plenary." (Internal quotation marks omitted.) *Original Grasso Construction Co.* v. *Shepherd,* 70 Conn. App. 404, 415, 799 A.2d 1083, cert. denied, 261 Conn. 932, 806 A.2d 1065 (2002).

Section 17-32 (b) provides in relevant part that "[a] claim for a hearing in damages or motion for judgment shall not be filed before the expiration of fifteen days from the date of notice of issuance of the default under this subsection." Section 17-33 (b), however, provides in relevant part that "the judicial authority, *at or after* the time it renders the default, *notwithstanding Section 17-32 (b),* may also render judgment in foreclosure cases . . . provided the plaintiff has also made a motion for judgment . . . ." (Emphasis added.) Although the phrase "notwithstanding Section 17-32 (b)" was added as part of the 2003 revision of our rules of practice, which was after the date at issue in this appeal, the commentary to Practice Book § 17-33 (b) makes it clear that this amendment "was made for clarity."

Here, the defendant claims that Practice Book § 17-32 (b) is controlling and that it required the court to wait at least fifteen days after the default before it could enter a default judgment against him. He further argues that the amendment to Practice Book § 17-33 (b), which clearly places the issues raised in this appeal within the realm of Practice Book § 17-33 (b) and not Practice Book § 17-32 (b),[6] is inapplicable because the trial court rendered judgment on the default in this case prior to the effective date of the amendment.[7] Such an argument

---

[6] The defendant concedes that "under Practice Book § 17-33 (b), as amended, a trial court may simultaneously consider a motion for default for failure to plead and a motion for judgment upon that default . . . ."

[7] The date at issue in this appeal is September 17, 2002, which is the date that notice of the court's rendering of the judgment of strict foreclosure was sent. The effective date of the amendment to Practice Book § 17-33 (b) was January 1, 2003.

is without merit. Our objective in interpreting a rule of practice is to ascertain and give effect to the intent of the drafters. See *State* v. *Tinsley*, 59 Conn. App. 4, 17, 755 A.2d 378, cert. denied, 254 Conn. 938, 761 A.2d 765 (2000); see also *State* v. *Pare*, 253 Conn. 611, 622, 755 A.2d 180 (2000). The amendment to Practice Book § 17-33 (b) was for clarification purposes and did not substantively change the meaning and intent behind the provision.[8] Accordingly, we must conclude that the provisions of Practice Book § 17-33 (b) apply notwithstanding the fifteen day requirement of Practice Book § 17-32 (b) even when, as here, the effective date of the amendment occurred after the date at issue.

In this case, the plaintiff filed a motion for default for failure to plead and a motion for a judgment of strict foreclosure on August 29, 2002. The court clerk then granted the motion for default on September 11, 2002, and the court rendered judgment of strict foreclosure on September 16, 2002. Because this is a foreclosure proceeding, Practice Book § 17-33 (b), which allows a court to render judgment "at or after the time it renders the default," is applicable. As a result, under Practice Book § 17-33 (b), the court properly rendered the judgment even though it did so only five days after the default was entered. We therefore conclude that because there was no procedural error in the entry of the default, the court properly rendered judgment of strict foreclosure and properly denied the motion to open the judgment.[9]

Because there was no procedural error, as the defendant claims there was, which would have resulted in an

---

[8] Although we recognize that we are not bound by the commentary to Practice Book § 17-33 (b), we agree with it and, therefore, conclude that the 2003 amendment was for clarification purposes only.

[9] Because no procedural error exists in this matter, we need not address whether procedural error is an adequate ground to open a judgment of strict foreclosure under General Statutes § 49-15.

improper rendering of the judgment of strict foreclosure and the denial of the motion to open the judgment, we conclude that title vested properly and absolutely in the plaintiff following the law day on October 15, 2002, because the automatic stay had expired. As a result, there is no practical relief that this court can grant the defendant. We therefore conclude that the defendant's claims are moot and dismiss this appeal.

The appeal is dismissed.

In this opinion the other judges concurred.