LISA D. EGAN *v.* PAUL B. EGAN
(AC 24175)

Schaller, Flynn and DiPentima, Js.

---

Argued March 25—officially released June 29, 2004

*Lisa D. Egan*, pro se, the appellant (plaintiff).

*Paul B. Egan*, pro se, the appellee (defendant).

*Opinion*

DiPENTIMA, J. In this postjudgment dissolution of marriage action, the plaintiff, Lisa D. Egan, appeals from the judgment of the trial court terminating child support as to one of the parties' children and modifying child support for the parties' remaining child. On appeal, the plaintiff claims that the court improperly denied her various rights of due process under the law by (1) failing to provide her with notice of the hearing to terminate child support, (2) terminating child support in contravention of the dissolution decree when there had been no substantial change in circumstances and (3) modifying child support, sua sponte, as to the remaining child. We agree with the plaintiff on the first issue and, accordingly, reverse the judgment of the trial court.

The plaintiff and the defendant, Paul B. Egan, were married on October 9, 1983. During their marriage, the parties had two children, Rachel, born December 14,

1984, and Loyal, born December 19, 1989. On July 6, 1999, the court dissolved the parties' marriage. The judgment of dissolution incorporated an agreement by the parties, which included provisions for the plaintiff's sole custody of the children as well as alimony and child support. Specifically, the defendant was ordered to pay $310 per week in child support, or $155 per child, until each child became eighteen years of age or graduated from high school, whichever occurred later.

The tortured and protracted history of this case unfortunately continues. Since 1998, seventy motions have been filed, including motions for protective orders and motions for contempt. More than 150 docket entries are noted prior to this appeal.

On March 6, 2003, the defendant filed a petition to terminate child support for his oldest child, Rachel, on the ground that she was eighteen years old as of December 14, 2002, and that he had no knowledge of her current grade level or enrollment status in school.[1] A hearing was scheduled for April 2, 2003, and the defendant was ordered to serve notice, pursuant to Practice Book § 25-28, on the plaintiff, who resides in Pennsylvania and whose address was not in dispute. The defendant was required to give notice to the plaintiff by registered or certified mail, personal return receipt requested, on or before March 16, 2003, or by having an authorized person in the state where the plaintiff lives serve her and file proof of service with the court. On March 7, 2003, state marshal Erwyn Glanz mailed an order for notice, a summons and the petition to terminate child support by certified mail, personal return receipt requested, to the plaintiff's post office mailbox. On the same day, Glanz sent an initial notice of return of service to the court certifying the mailing

[1] The defendant claims that he received no response to his request for that information.

of notice and noting, "Supplemental return to follow." No supplemental return or personal return receipt is contained in the court file.[2]

The motion to terminate child support was heard on the scheduled hearing date of April 2, 2003. The plaintiff was absent. No witnesses were sworn. No evidence was admitted properly. The court entered the following orders: "(1) Petition to the court to terminate child support order for [Rachel] is granted effective as of the date of this order; (2) Motion for modification is granted on child support. The current support will now be $178. This is effective upon notice to the plaintiff." This appeal followed.

The plaintiff first claims that by proceeding with the hearing, the court violated her due process rights to be given adequate notice of the hearing, to be given an opportunity to be present and to be heard, to present evidence and to cross-examine witnesses against her. We agree with the plaintiff.

The resolution of the plaintiff's claim of procedural error requires this court to examine the notice requirements of Practice Book § 25-28. That examination "requires us to apply our well settled principles of statutory construction. . . . Statutory construction is a question of law and therefore our review is plenary." (Citation omitted; internal quotation marks omitted.) *Chase Manhattan Mortgage Corp.* v. *Burton*, 81 Conn. App. 662, 665–66, 841 A.2d 248, cert. denied, 268 Conn. 919, 847 A.2d 313 (2004).

---

[2] The defendant attached a copy of the supplemental return in the appendix to his brief, indicating that the certified mail was returned unclaimed after the post office gave notice of certified mail on March 10, 15 and 25, 2003, to the plaintiff via her post office box. The supplemental return indicates that the notice was returned to the state marshal on April 2, 2003, the day of the hearing. The plaintiff acknowledged that she often picks up her mail only once a week, or less often if she is traveling, and that such a decision is "her prerogative."

At the outset, we note the principles underlying the necessity for adequate and proper notice. "It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard." (Internal quotation marks omitted.) *Hasbrouck* v. *Hasbrouck*, 195 Conn. 558, 559–60, 489 A.2d 1022 (1985). "It is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity to be heard in sufficient time to prepare their positions on the issues involved." (Internal quotation marks omitted.) *Roberts* v. *Roberts*, 32 Conn. App. 465, 475, 629 A.2d 1160 (1993).

Consistent with those principles, Practice Book § 25-28 (b) provides that "[w]ith regard to any postjudgment motion for modification or for contempt or any other motion requiring an order of notice, where the adverse party resides out of or is absent from the state any judge or clerk of the court may make such order of notice as he or she deems reasonable. Such notice having been given and proved, the court may hear· the motion if it finds that the adverse party has actually received notice that the motion is pending."

There is no indication in the transcript of the hearing that the court found that the plaintiff had actually received the notice. The record reflects no inquiry or finding by the court regarding notice to the plaintiff. Further, the supplemental return was not in the court file on the day of the hearing. Because the April 2, 2002 hearing was conducted in violation of the plaintiff's due process rights to be given adequate notice of the hearing

and, accordingly, to be given an opportunity to be present and to be heard, to present evidence and to cross-examine witnesses against her, the orders issued at that hearing cannot stand.[3]

The judgment is reversed and the case is remanded with direction to vacate the orders issued by the court on April 2, 2003.

In this opinion the other judges concurred.

[3] Because our determination that there was insufficient notice to the plaintiff requires that we vacate all the orders of the court from that hearing, we do not address the plaintiff's second and third issues.

