DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE *v.* DAVID P. BERTRAND ET AL.
(AC 33650)

Robinson, Bear and Espinosa, Js.

Argued September 19, 2012—officially released February 12, 2013

*J. Hanson Guest*, with whom, on the brief, was *Jeremy E. Baver*, for the appellant (named defendant).

*David M. Bizar*, for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The defendant David P. Bertrand[1] appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, Deutsche

---

[1] The foreclosure complaint also named Mortgage Electronic Registration Systems, Inc., as a defendant by virtue of a mortgage it held that allegedly was subsequent in right to the mortgage being foreclosed. Mortgage Electronic Registration Systems, Inc., was defaulted by the trial court for failure to appear, and is not a party to this appeal. Accordingly, we will refer to David P. Bertrand as the defendant.

Bank National Trust Company, as trustee for FFMLT 2006-FF13. The defendant claims that the trial court improperly (1) granted the plaintiff's motion for a protective order, (2) defaulted the defendant for failure to plead and (3) refused to accept the defendant's answer and special defenses when he offered to file it with the court after he was defaulted at the hearing on the motion for judgment of strict foreclosure.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's claims on appeal. The plaintiff filed this action in January, 2009, seeking to foreclose a residential mortgage on property located at 12 Jeffrey Alan Drive in Manchester. According to the complaint, the defendant executed the mortgage in 2006 as security for a $180,000 note, which was in default. On March 6, 2009, the plaintiff filed a motion to default the defendant for failure to appear, which the clerk of the court granted on March 9, 2009. See Practice Book § 17-20 (d). That same day, the defendant filed an appearance as a self-represented party, which automatically set aside the default as a matter of law. See Practice Book § 17-20 (d).

On May 20, 2009, the plaintiff filed a motion for default for failure to plead and a motion for judgment of strict foreclosure. On May 26, 2009, the defendant filed an objection to the motion for default along with a request that he be granted an additional thirty days in which to obtain counsel. Although the clerk of the court initially

---

[2] Although the defendant indicated on his appeal form that he also intended to challenge the court's denial of two motions to compel discovery, a motion to reargue one of the motions to compel, a motion to dismiss and a motion to strike, the defendant has not briefed any claims of error pertaining to those rulings, and, thus, he is deemed to have abandoned any such claims. *Corrarino* v. *Corrarino*, 121 Conn. App. 22, 23 n.1, 993 A.2d 486 (2010).

granted the motion for default for failure to plead on May 27, 2009, that ruling was vacated the next day, presumably on the basis of the defendant's May 26, 2009 pleadings.

On July 2, 2009, the plaintiff filed a second motion for default for failure to plead. The clerk of the court denied that motion because, on July 6, 2009, the defendant filed a motion to dismiss the foreclosure complaint, in which he alleged that the plaintiff lacked standing to maintain the action because it had not been assigned the mortgage until after the commencement of the action and had not produced the original promissory note. The plaintiff filed an objection to the motion to dismiss on July 22, 2009, arguing that the motion was frivolous and that it was filed solely to further delay the foreclosure proceedings. The next day, Attorney J. Hanson Guest filed an appearance on behalf of the defendant.[3] On August 7, 2009, the defendant, now through counsel, filed a motion seeking an extension of time to respond to the plaintiff's objection. More than two months later, on October 8, 2009, the defendant filed an amended motion to dismiss claiming that the plaintiff had failed to allege sufficient facts in the complaint to establish standing to foreclose on the defendant's mortgage. The plaintiff filed a memorandum in opposition to the amended motion to dismiss.

Shortly after filing the motion to dismiss, the defendant served the plaintiff with interrogatories, a request for production and a request for admissions. On December 11, 2009, the defendant filed a motion to compel the plaintiff to comply with his discovery requests. The plaintiff objected, arguing that it intended to respond, but that, to reduce costs, it was waiting for an adjudication of the motion to dismiss that the defendant had

---

[3] The law firm of Guest & Associates, LLC, later filed an additional appearance for the defendant.

filed prior to his discovery requests. The court, *Auri-gemma, J.*, sustained the objection and denied the motion to compel on March 8, 2010. On March 19, 2010, the plaintiff filed an objection and responses to the request for admissions.

The court, *Scholl, J.*, denied the defendant's motion to dismiss on April 1, 2010. It held that the factual assertions in the complaint, namely, that the plaintiff was the holder of the note, that it had been assigned the mortgage and that the mortgage was in default, were sufficient to support standing. The court also held that, contrary to the defendant's assertion in the amended motion to dismiss, the plaintiff was not required to allege the evidence by which it would prove those factual assertions. See Practice Book § 10-1.

On June 17, 2010, the defendant filed a new motion to compel the plaintiff to respond to interrogatories and to comply with his request for production. The plaintiff filed an objection indicating that the defendant had made "over 140 separate requests for a one count foreclosure matter in which the [d]efendant has not filed any defenses" and that the only explanation was "annoyance, embarrassment, oppression, or undue burden or expense." The plaintiff also noted that it was simultaneously filing a motion for a protective order, in which it argued that the defendant's requests for interrogatories and production were unduly burdensome and sought information well in excess of what was necessary by law to set forth a prima facie case of foreclosure. The defendant objected to the motion for a protective order arguing that "securitized mortgages are very complicated and require significant discovery to determine the relevant facts and issues." In August, 2010, the court, *Aurigemma, J.*, without comment, sustained the plaintiff's objection to the motion to compel and granted its motion for a protective order.

On November 19, 2010, the plaintiff filed a third motion to default the defendant for failure to advance the pleadings in accordance with Practice Book § 10-8. Five days later, the defendant filed a request to revise the complaint. As a result of the filing of the request to revise, the court clerk denied the motion for default. The plaintiff filed an objection to the request to revise, arguing that the complaint adequately set forth the necessary allegations for a foreclosure complaint and that the defendant improperly was attempting to substantively challenge those allegations. The court sustained the plaintiff's objection to the request to revise on January 18, 2011.

The plaintiff filed its fourth motion for default for failure to plead on February 22, 2011, which was denied because, three days later, the defendant filed a motion to strike the complaint. The motion sought to have the court strike from the complaint the plaintiff's assertions that it was the holder of the note and mortgage and that the note was in default. The defendant argued that if those provisions were stricken, the court should strike the entire complaint as legally insufficient to state a cause of action. The plaintiff filed an objection to the motion to strike. On March 14, 2011, the court, *Robaina, J.,* denied the motion to strike without comment. The defendant filed a motion for clarification of that ruling and a motion seeking an extension of time in which to file a motion to reargue the decision, both of which Judge Robaina denied on April 21, 2011.

On June 15, 2011, the plaintiff reclaimed its motion for judgment of strict foreclosure and, on June 22, 2011, filed its fifth motion for default for failure to plead because, as of that date, the defendant had not filed any substantive answer to the allegations in the foreclosure complaint. The following day, the plaintiff filed with the court a foreclosure worksheet, an updated affidavit

of debt and an affidavit of compliance with the emergency mortgage assistance program.

The motion for judgment of strict foreclosure was taken up at a June 27, 2011 short calendar hearing before Judge Aurigemma. Counsel for the defendant began the hearing by arguing that the plaintiff should not be allowed to move forward with its adjudication of the motion for judgment of strict foreclosure because there had not yet been any action taken on the plaintiff's motion for default for failure to plead, and, therefore, on the basis of counsel's reading of Practice Book § 17-32, he still had two days to avoid the entry of a default by filing an answer. Counsel for the plaintiff argued that the defendant already had delayed proceedings in this matter for nearly two years by filing frivolous motions and by engaging in unnecessary discovery and that the defendant could have avoided the current proceeding on the motion for judgment of strict foreclosure simply by having filed his answer prior to the hearing. Counsel for the defendant then revealed to the court that he had brought copies of the defendant's answer and special defenses to the hearing and would like to file them with the court at that time. The court stated that it was too late to do so, that the defendant was required to electronically file his answer and that "this is an outrageous example of just unfounded delay, sir." The court told the parties that "[d]efault is entering"[4]

---

[4] We note that, on two earlier occasions in the proceeding, the court appeared to suggest that a default already had entered, despite later clearly stating that it was entering a default. There is an entry on the court's docketing statement indicating that Judge Aurigemma granted the June 22, 2011 motion for default on June 27, 2011, although the record does not reflect if that action occurred before the hearing or at the hearing, and the court did not indicate on the record that it was granting a default pursuant to any particular motion. Nevertheless, as discussed in part I of this opinion with regard to the court's ruling on the motion for a protective order, the defendant never sought an articulation or rectification seeking to clarify the court's remarks regarding default, and, therefore, we will not consider their significance in light of the subsequent affirmative statement by the court that it was entering a default against the defendant.

and, over the objection of the defendant, proceeded to render a judgment of strict foreclosure in favor of the plaintiff. The court found that the fair market value of the property was $195,500 and the debt owed was $237,350.48. It set law days to commence on August 1, 2011. This appeal followed.[5]

## I

We first briefly address the defendant's claim that the trial court improperly granted the plaintiff's motion for a protective order, thereby allegedly preventing the defendant from obtaining necessary discovery. It is well settled that "[t]he granting or denial of a discovery request rests in the sound discretion of the court." *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 57, 459 A.2d 503 (1983). That discretion includes the use of protective orders to limit the extent of discovery. See *Peatie* v. *Wal-Mart Stores, Inc.*, 112 Conn. App. 8, 14, 961 A.2d 1016 (2009). A court's discovery related orders are "subject to reversal only if such an order constitutes an abuse of that discretion. . . . [I]t is only in rare instances that the trial court's decision will be disturbed." (Internal quotation marks omitted.) *Blumenthal* v. *Kimber Mfg., Inc.*, 265 Conn. 1, 7, 826 A.2d 1088 (2003).

In order to determine whether the court abused its discretion by granting the plaintiff's motion for a protective order, we must review the basis for the court's ruling. The court, however, granted the motion without comment. "The correctness of a judgment of a court of general jurisdiction is presumed in the absence of evidence to the contrary. We do not presume error. The

---

[5] At the time he filed the appeal, the defendant also filed motions to reargue and to reconsider the court's decisions to enter default and to render the judgment of strict foreclosure. The court denied both motions on August 2, 2011, without comment. We note that the defendant did not amend his appeal to challenge those rulings in accordance with Practice Book § 61-9.

burden is on the appellant to prove harmful error." (Internal quotation marks omitted.) *Carothers* v. *Capozziello*, 215 Conn. 82, 105, 574 A.2d 1268 (1990). As the appellant, the defendant has the burden of providing this court with a record from which this court can review any alleged claims of error. See Practice Book § 61-10; *Coss* v. *Steward*, 126 Conn. App. 30, 46, 10 A.3d 539 (2011) (record inadequate for review because court did not state its reasons for granting motion for discovery related protective order). The defendant has failed to meet that burden with respect to the motion for a protective order. Without engaging in impermissible speculation, we cannot conclude on the basis of the record before us that the court abused its discretion in granting the motion for a protective order; accordingly, the defendant's claim fails.

## II

We next turn to the defendant's claim that the court improperly defaulted him for failure to plead at the hearing on the motion for judgment of strict foreclosure. According to the defendant, he always intended to file an answer and special defenses, but was not obligated to have done so as of the date of the hearing on the motion for judgment of strict foreclosure because, as he reads Practice Book § 17-32 (a), he had an additional seven days from the filing of the motion for default in which to file a pleading, and only five days had passed by the date of the hearing. Therefore, the defendant argues, the court's action finding him in default for failure to plead was "clear error as it unjustly severed the [d]efendant's rights to plead and have the case decided on the merits."

We construe the defendant's claim as twofold. First, he challenges the court's authority to render a default in the manner that it did; second, he argues that even if it was within the court's discretion to render a default,

the court abused that discretion.[6] Given the circumstances of the present case and the limited record available for review, we are not persuaded that the court committed reversible error with regard to the entry of default against the defendant.

We first briefly discuss our standard of review of the defendant's claim. To the extent that the defendant challenges the court's authority to enter a default, our review is plenary. See *State* v. *Perez*, 85 Conn. App. 27, 37, 856 A.2d 452 (issues concerning court's authority to act raise questions of law over which our review is plenary), cert. denied, 271 Conn. 933, 859 A.2d 931 (2004). We also engage in plenary review with regard to the construction of any relevant statutory provisions or rules of practice. See *Malave* v. *Ortiz*, 114 Conn. App. 414, 417, 970 A.2d 743 (2009). "Construction of our rules of practice presents a question of law over which our review is plenary. . . . In construing our rules of practice, we are guided by the principles governing statutory interpretation. . . . Our fundamental objective in interpreting a rule of practice is to ascertain and give effect to the intent of the drafters. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply." (Citations

---

[6] The defendant also claims that the court's action violated his federal and state constitutional rights to due process. We agree with the plaintiff that the defendant failed to raise his due process claims properly before the trial court. Although the record reveals that the defendant baldly asserted a due process violation in his motions to reargue and reconsider; see footnote 5 of this opinion; he did not provide the court with any analysis of that claim and the record does not indicate that the court ever considered that claim in denying those motions without comment. Most importantly, the defendant did not amend his appeal to include a challenge to the court's decision. See Practice Book § 61-9. Further, the defendant has not requested review pursuant to *State* v. *Golding*, 213 Conn. 233, 239-40, 567 A.2d 823 (1989), or under the plain error doctrine. Accordingly, we decline to consider the defendant's due process claims.

omitted; internal quotation marks omitted.) Id. Finally, provided we determine that the court had that authority to act, we review its exercise of that authority under an abuse of discretion standard. See *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 276 Conn. 168, 211, 884 A.2d 981 (2005). "In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Angle*, 284 Conn. 322, 326, 933 A.2d 1143 (2007).

We first turn to the question of the court's authority. General Statutes § 52-119 provides that "[p]arties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, as the case may be." Section 10-18 of our rules of practice essentially mirrors that language. We read the plain and unambiguous language of both § 52-119 and Practice Book § 10-18 as empowering the court with the discretionary authority to impose a default as a penalty whenever a defendant has failed to comply with our rules regarding pleadings, including the timely advancement of such pleadings. Such authority is in accord with the court's broad, general authority to act to "maintain the orderly procedure of the court docket, and to prevent any interference with the fair administration of justice." (Internal quotation marks omitted.) *West Haven Lumber Co.* v. *Sentry Construction Corp.*, 117 Conn. App. 465, 469, 979 A.2d 591, cert. denied, 294 Conn. 919, 984 A.2d 70 (2009).

In an action to foreclose a mortgage on real estate, Practice Book § 10-8 requires, beginning on the return day of the complaint, that "pleadings, motions and requests shall advance at least one step within each

successive period of fifteen days from the preceding pleading or the filing of the decision of the judicial authority thereon if one is required. . . . The filing of interrogatories or requests for discovery shall not suspend the time requirements of this section unless upon motion of either party the judicial authority shall find that there is good cause to suspend such time requirements."[7]

When a defendant fails to advance timely the pleadings in accordance with Practice Book § 10-8, Practice Book § 17-32 sets forth a procedure by which the clerk of the court, without input from the judicial authority, may act on a motion for default filed by the plaintiff.[8] Nothing in the plain language of Practice Book § 17-32, however, exposes any intent to limit the authority of the court to render a default in accordance with § 52-119 and Practice Book § 10-18, or to impose upon a judge of the Superior Court any of the procedural restrictions contained in Practice Book § 17-32, which are expressly directed toward defaults entered by the clerk of the court pursuant to § 17-32. Here, if at the time of the hearing on the motion for judgment of strict foreclosure, the court determined that the defendant

---

[7] The pleadings allowed and their order are set forth in Practice Book § 10-6, which provides in relevant part: "The order of pleading shall be as follows:

"(1) The plaintiff's complaint.

"(2) The defendant's motion to dismiss the complaint.

"(3) The defendant's request to revise the complaint.

"(4) The defendant's motion to strike the complaint.

"(5) The defendant's answer (including any special defenses) to the complaint.

"(6) The plaintiff's request to revise the defendant's answer.

"(7) The plaintiff's motion to strike the defendant's answer.

"(8) The plaintiff's reply to any special defenses."

[8] Practice Book § 17-32 (a) provides: "Where a defendant is in default for failure to plead pursuant to Section 10-8, the plaintiff may file a written motion for default which shall be acted on by the clerk not less than seven days from the filing of the motion, without placement on the short calendar."

had failed to meet his obligation to plead in accordance with our rules, pursuant to § 52-119 and Practice Book § 10-18, the court had the authority to find the defendant in default. Although at the time of the hearing Practice Book § 17-32 precluded the clerk of the court from acting on the plaintiff's pending motion for default, the defendant nevertheless had not fulfilled his obligation to advance the pleadings and the rule did not limit the court's authority to default the defendant, especially given the court's finding that the defendant's delay in filing his answer was outrageous and unfounded. See *Millbrook Owners Assn., Inc.* v. *Hamilton Standard,* 257 Conn. 1, 9–10, 776 A.2d 1115 (2001) (trial courts have "inherent authority to impose sanctions against an attorney and his client for a course of claimed dilatory, bad faith and harassing litigation conduct, even in the absence of a specific rule or order of the court that is claimed to have been violated" [internal quotation marks omitted]). We conclude that the court had ample authority to render a default against the defendant.[9] Having so concluded, we turn to whether the court abused its discretion by entering a default against the defendant under the circumstances of the present case.

We are fully cognizant of our Supreme Court's stated policy preference for disposing of disputes by a trial on

[9] The defendant does not directly challenge the court's authority to render judgment contemporaneously on the default. We nevertheless note that Practice Book § 17-33 (b) expressly gives the court such authority, providing in relevant part: "Since the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned, the judicial authority, *at or after the time it renders the default, notwithstanding Section 17-32 (b),* may also render judgment in foreclosure cases . . . provided the plaintiff has also made a motion for judgment and provided further that any necessary affidavits of debt or accounts or statements verified by oath, in proper form, are submitted to the judicial authority." (Emphasis added.) Here, the plaintiff had filed a motion for judgment of strict foreclosure and had provided the court with a foreclosure worksheet and an updated affidavit of debt.

the merits whenever possible to secure for the litigants their day in court. See *Coppola* v. *Coppola*, 243 Conn. 657, 665, 707 A.2d 281 (1998). We note, however, that "[t]he design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." (Internal quotation marks omitted). Id. We are not convinced that the court's action in defaulting the defendant for failing to advance the pleadings in accordance with the rules worked any surprise or injustice on him.

The defendant cannot contest the fact that, at the time he was defaulted by the court, he was not in compliance with his obligation to plead in accordance with our rules of practice. On April 21, 2011, the court had denied the defendant's motions for clarification and for an extension of time in which to file a motion to reargue the court's denial of his motion to strike. Having filed every other pleading permitted under Practice Book § 10-6, the defendant was obligated to file an answer and special defenses, if any, on or before May 6, 2011. See Practice Book §§ 10-6 and 10-8. The defendant failed to timely plead and never sought an extension of time to do so. This was consistent with his behavior throughout the action. The record reveals that the defendant habitually violated Practice Book § 10-8 with regard to the orderly advancement of pleadings, repeatedly failing to advance the pleadings until after the plaintiff had filed a motion for default with the clerk of the court pursuant to Practice Book § 17-32. Thus, by the June 27, 2011 hearing on the motion for judgment of strict foreclosure, an answer to the complaint was long overdue. The plaintiff's filing of a motion for default for failure to plead in accordance with § 17-32 did not, contrary to the defendant's assertions throughout his brief, provide the defendant with an additional seven

days in which to plead; it merely stayed for seven days the clerk's authority to act on the motion.

Having had more than two years to compose a substantive response to the foreclosure complaint, a delay expressly noted by the court, the defendant nevertheless chose to appear before the court without having filed his answer, and despite having prepared a pleading in advance of the hearing as evidenced by his counsel's attempt to file it with the court after the court refused his request to mark over its consideration of the motion for judgment. Although the court never stated on the record the factual and legal basis for its decision to default the defendant, the court found that the defendant's behavior was outrageous and an unfounded example of delay. Given the court's duty to ensure the orderly and fair administration of justice for all parties and the clear record of dilatory behavior and frivolous pleading by the defendant in this matter, on the basis of the record provided, we do not conclude that the court abused its discretion by rendering a default against the defendant.

## III

Finally, the defendant claims that the court improperly refused to accept the defendant's answer and special defenses, which he offered to file with the court prior to the court rendering the judgment of strict foreclosure. The defendant argues that the court's action was improper because it violated both General Statutes § 52-121 (a) and Practice Book § 17-32 (b). We are not persuaded.

We have already reiterated that the court has broad authority to "maintain the orderly procedure of the court docket, and to prevent any interference with the fair administration of justice." (Internal quotation

marks omitted.) *West Haven Lumber Co.* v. *Sentry Construction Corp.*, supra, 117 Conn. App. 469. That authority necessarily includes the discretion to accept or reject documents that a party may attempt to file directly with the trial judge during a hearing rather than with the clerk of the court through normal filing procedures, including electronic filing when required. See General Statutes § 51-343 (b); Practice Book § 4-3. We will review a court's action in this regard only for an abuse of that discretion.

The defendant's suggestion that Practice Book § 17-32 (b) somehow imposed a duty on the court to accept his answer when he offered it for filing at the hearing is without merit. Practice Book § 17-32 (b) provides in relevant part that "[i]f a party who has been defaulted under [§ 17-32 (a)] files an answer before a judgment after default has been rendered by the judicial authority, *the clerk shall set aside the default. . . .*" (Emphasis added.) That rule is inapplicable here because it unambiguously pertains to the clerk of the court, imposing a duty on the clerk to set aside a default if a late pleading is filed prior to the court rendering judgment on the default. The rule does not speak to the court's authority to decide whether to accept pleadings that a party may attempt to file in court. Further, to the extent that Practice Book § 17-32 (b) can be read to imply that some amount of time must be permitted after the entry of a default in order to permit a defaulted defendant an opportunity to plead, Practice Book § 17-33 expressly exempts the judicial authority from complying with Practice Book § 17-32 (b) in foreclosure proceedings and permits the court to render a default and a judgment thereon simultaneously. See *Chase Manhattan Mortgage Corp.* v. *Burton*, 81 Conn. App. 662, 666–67, 841 A.2d 248, cert. denied, 268 Conn. 919, 847 A.2d 313 (2004). Accordingly, we reject the defendant's argument

that the court's refusal to allow the defendant to file his pleading in court violated Practice Book § 17-32.

We also must reject the defendant's argument that the court's action violated § 52-121 (a). Section 52-121 (a) provides: "Any pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which the action is pending." We acknowledge that there is support for the proposition that a court commits plain error if, prior to rendering a judgment upon default, the court fails to accept for filing a defaulted party's pleading solely on the ground that the pleading is untimely. See *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 181 Conn. 607, 609, 436 A.2d 1259, cert. denied, 449 U.S. 956, 101 S. Ct. 363, 66 L. Ed. 2d 221 (1980). Our review of the hearing transcript reveals, however, that the plaintiff objected to the court accepting the answer not only because of the extensive history of delay but also because the pleading had not been electronically filed. We again note that the record before us does not contain a precise statement by the court for its ruling; however, the court suggests two possible reasons for rejecting the defendant's request to file his answer and special defenses. In refusing to accept the pleading for filing, the court stated both that "it's too late for that" and "you're going to have to e-file it."[10] Because it is not clear from the record that the court rejected the defendant's pleading solely on the basis that it was untimely, and the defendant has not addressed the electronic filing issue on appeal, we must reject the defendant's claim that § 52-121 provides a basis for concluding that the court abused its discretion in refusing to accept his answer when it was offered for filing at the hearing.

---

[10] We note that the defendant never sought to open the judgment of foreclosure in order to file his answer electronically following the hearing.

The judgment is affirmed and the matter is remanded for the purpose of setting a new law day.

In this opinion the other judges concurred.