******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ADAM CARMON *v.* COMMISSIONER
OF CORRECTION
(AC 35127)

DiPentima, C. J., and Bear and Keller, Js.

*Argued December 12, 2013—officially released March 18, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*William A. Snider*, assigned counsel, for the appellant (petitioner).

*Melissa L. Streeto*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David Clifton*, assistant state's attorney, for the appellee (respondent).

*Opinion*

BEAR, J. Following the habeas court's granting of his petition for certification to appeal, the petitioner appeals from the judgment of the habeas court rendering a default judgment against him and in favor of the respondent, the Commissioner of Correction,[1] and dismissing the petitioner's amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the default judgment was legally improper for a myriad of reasons, and he requests that we reverse the judgment and remand the case for a habeas trial on the merits. We affirm the judgment of the habeas court.

The following procedural history of this habeas petition is relevant to our consideration of the petitioner's appeal. On April 7, 2008, the self-represented petitioner filed his third habeas petition his first two petitions previously having been unsuccessful. See *Carmon* v. *Commissioner of Correction*, 114 Conn. App. 484, 485–87, 969 A.2d 854, cert. denied, 293 Conn. 906, 978 A.2d 1108 (2009). After at least eight motions filed by the petitioner, he filed a certificate of closed pleadings and claim for the trial list on January 6, 2012.

On May 30, 2012, the respondent filed a request for a more specific statement. See Practice Book § 23-33 (request for more specific statement deemed granted on date filed and party against whom request filed must comply within thirty days unless objection filed in accordance with rule). On June 7, 2012, the petitioner, through appointed counsel, filed an amended habeas petition, claiming that his trial counsel, first habeas counsel and second habeas counsel all were ineffective, that several material witnesses had given false testimony during his 1995 criminal trial, that the state had withheld exculpatory evidence, that his conviction was rendered on the basis of prosecutorial impropriety, and that he is actually innocent.

On June 13, 2012, the respondent filed another request for a more specific statement to which the petitioner did not object nor respond in a timely manner. On July 16, 2012, the respondent filed a motion for default for failure to plead, specifically pursuant to Practice Book §§ 17-31 and 23-34, asking the court to render a judgment of default if the petitioner failed to comply fully with the request for a more specific statement within ten days from the filing of the motion for default. On July 27, 2012, the respondent filed a motion for judgment on the basis that the petitioner had failed to respond fully to the two requests for a more specific statement and that more than ten days had elapsed since the respondent filed the July 16, 2012 motion for default. On July 30, 2012, the court granted the respondent's motion for default for failure to plead, but it gave the petitioner fifteen days to respond to the respondent's request for a more specific statement. The

court did not rule on the respondent's July 27, 2012 motion for judgment at that time.

On August 10, 2012, the petitioner filed an objection to the respondent's motion for judgment, a motion to reconsider the default, and a motion to open the default.[2] The petitioner also filed a document entitled "answer for a more specific statement." Also on August 10, 2012, the court denied the petitioner's motion to reconsider the default, but it conditionally granted his motion to open the default, specifically stating that the motion was granted "[*p*]*rovided* the petitioner shall file a proper amended petition which incorporates the answer to request for more specific statement filed by the petitioner on 8-10-12 not later than 8-20-12." (Emphasis added.)

On August 14, 2012, the respondent filed a motion for default for failure to comply with the order of the court, asking the court to render judgment for the respondent *if the petitioner, within ten days, failed to comply fully* with the court's order dated July 30, 2012. The court granted that motion on August 24, 2012. The court also granted the respondent's July 27, 2012 motion for judgment and overruled the petitioner's objection thereto. Accordingly, the court, on August 24, 2012, rendered a default judgment in favor of the respondent, and it dismissed the petitioner's habeas petition. Notice of the default judgment and dismissal of the habeas petition was mailed on August 31, 2012. On September 10, 2012, the petitioner filed a timely petition for certification to appeal from the default judgment and the dismissal of his habeas petition.[3] On September 14, 2012, the petitioner filed a motion to reconsider the judgment of dismissal and a motion to open the judgment of default. On September 25, 2012, the court denied the motion, stating that the petitioner had failed to adhere to a specific order of the court, to file a timely objection, or to file a timely motion to reconsider. After the granting of the petitioner's petition for certification to appeal, this appeal followed.

The petitioner's arguments on appeal boil down to his assertion that the court had no authority to render a default judgment in favor of the respondent because there was no viable motion for default pending before it and that the default judgment should be set aside in the interest of justice. We disagree.

Because the petitioner's claim concerns the court's authority to render a default judgment, we agree with his assertion that our review initially should be plenary. "To the extent that [a party] challenges the court's authority to enter a default, our review is plenary. . . . We also engage in plenary review with regard to the construction of any relevant statutory provisions or rules of practice. . . . Construction of our rules of practice presents a question of law over which our review is plenary. . . . In construing our rules of prac-

tice, we are guided by the principles governing statutory interpretation. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . Finally, provided we determine that the court had that authority to act, we review its exercise of that authority under an abuse of discretion standard. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Bertrand*, 140 Conn. App. 646, 655–56, 59 A.3d 864, cert. dismissed, 309 Conn. 905, 68 A.3d 661 (2013).

On the issue of whether the court had the authority to render a default judgment in this case, we look to General Statutes § 52-119, which provides that [p]arties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, as the case may be," and to Practice Book § 10-18, which mirrors the language of § 52-119. Clearly, without question, both the statutory language of § 52-119 and the language of Practice Book § 10-18 give the court the authority to render a default judgment or a nonsuit against a party who fails to comply with the pleading requirements of our rules of practice or as ordered by the court; neither the statute nor our rules of practice contain a requirement that *the court* act only pursuant to a pending motion.[4] *Deutsche Bank National Trust Co.* v. *Bertrand*, supra, 140 Conn. App. 658. "Such authority is in accord with the court's broad, general authority to act to maintain the orderly procedure of the court docket, and to prevent any interference with the fair administration of justice." (Internal quotation marks omitted.) Id., 656. Nevertheless, although the court has the authority to render a default judgment without a motion by a party, in the present case, there were viable motions pending before the court, and the petitioner received sufficient prior notice of the respondent's motions for default and judgment, the court's orders, and the court's intent to act if he did not comply with its orders.[5]

On July 16, 2012, the respondent filed a second motion for default for failure to plead, and, on July 27, 2012, the respondent filed a motion for judgment. On July 30, 2012, *the court granted* the respondent's July 16, 2012 motion for default for failure to plead, but it gave the petitioner fifteen days to respond to the respondent's June 13, 2012 request for a more specific statement. The court did not rule on the motion for judgment at that time. On August 10, 2012, the petitioner filed a document entitled "answer for a more specific

statement," and he filed motions requesting that the court reconsider and open the default judgment. The court denied the petitioner's motion to reconsider the default judgment, but it granted the motion to open the default *conditionally*. The court ruled that the default was opened "[p]*rovided* the petitioner shall file a proper amended petition which incorporates the answer to request for more specific statement filed by the petitioner on 8-10-12 not later than 8-20-12." (Emphasis added.) The respondent then filed a motion for default on August 14, 2012, asking that judgment be rendered *if the petitioner failed to comply* with the court's order of July 30, 2012.

The petitioner, thereafter, failed to provide an amended petition by August 20, 2012, as had been ordered by the court. Thus, because the petitioner failed to submit a "proper amended petition," the July 30, 2012 default judgment was not opened because the petitioner did not meet the condition precedent to the opening of the default. Although the respondent had filed a motion for judgment on August 14, 2012, six days before the petitioner failed to meet the condition precedent, the respondent's motion also was conditional, i.e., it asked that judgment be rendered *if the petitioner failed to comply* fully with the July 30, 2012 order, which the court, essentially, reiterated and gave the petitioner more time with which to comply in its August 10, 2012 order. When, by August 24, 2012, the petitioner still had not complied with the July 30, 2012 order or the August 10, 2012 order, the court granted the respondent's request that it "enter judgment for the respondent," as set forth in both the respondent's August 14, 2012 motion for default and its July 27, 2012 motion for judgment.

The petitioner thus has no basis to deny that on July 30, 2012, when the court rendered its default judgment, he was not in compliance with his duty to plead in accordance with our rules of practice or with his obligation to comply with the orders of the court. The petitioner did not file an objection to either of the respondent's requests for a more specific statement, he did not set forth any concern with the substance of either of the court's orders, nor did he ask for additional time to comply. Under the facts of this case, we conclude that the court acted well within its authority in rendering a default judgment, and that it did not abuse its discretion in concluding that such a judgment was warranted. We further conclude that the interests of justice do not necessitate a reversal of the court's judgment, as the petitioner has not provided to us any appropriate explanation for his failure to take advantage of the opportunities to correct his pleadings and to comply with the outstanding orders made available to him by the court prior to its rendering of judgment against him.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The issue of whether the petitioner should have been subject to a nonsuit rather than a default judgment was not raised by the parties. See *Segretario* v. *Stewart-Warner Corp.*, 9 Conn. App. 355, 358–60, 519 A.2d 76 (1986) (explaining difference between nonsuit and default judgment); see also Practice Book § 17-19 ("[i]f a party fails to comply with an order of a judicial authority . . . the party may be nonsuited or defaulted by the judicial authority"). Accordingly, we take the case as it was presented on appeal.

[2] In all three motions, the petitioner's habeas counsel contended in relevant part that the reason there was no response to either request for a more specific statement was that the court "never acted on the [r]espondent's motion for more specific statement." Practice Book § 23-33 very clearly provides, however, that "[a]ny party may request a more specific statement regarding a preceding pleading to obtain a more complete and particular statement of the facts supporting each legal claim or to obtain any other appropriate correction in the preceding pleading. *Such request shall be deemed to have been granted by the judicial authority on the date of the filing and shall be complied with by the party to whom it is directed within thirty days of filing, unless within thirty days of filing the party to whom it is directed objects, setting forth, in concise fashion, the basis for the objection.* A request for a more specific statement, and objection, may be ruled upon by the judicial authority without oral argument, unless the judicial authority determines that oral argument is necessary." (Emphasis added.)

[3] It appears from the record that on September 12, 2012, either the petitioner refiled his petition for certification to appeal or the clerk's office reprocessed the original petition. The court, on September 17, 2012, denied this second petition on the ground that it was "not timely filed." The petitioner then filed a motion to reconsider the denial of the petition for certification to appeal from the dismissal of his habeas petition on the ground that the petition for certification to appeal *had been* timely filed. He also included supporting documentation. The court denied this motion as moot on September 27, 2012. It also, on that same day, granted the timely original petition for certification to appeal that had been filed on September 10, 2012.

[4] Although the petitioner cites to Practice Book § 17-32 in support of his claim, we conclude that § 17-32 is inapplicable in the present case because it was the court and not the clerk who rendered the default judgment in this case. See Practice Book § 17-32 (setting forth procedure whereby clerk may act on motion for default without input from court).

[5] During oral argument before this court, the petitioner's appellate attorney alleged that the trial court had "manipulated the pleadings" in this case in order to render a default judgment. We find absolutely no support in the record for this allegation.