******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

APPENDIX

## TOWN OF NEWTOWN *v.* SCOTT E. OSTROSKY ET AL.*

Superior Court, Judicial District of Fairfield
File No. CV-16-6060962-S

Memorandum filed September 13, 2018

*Proceedings*

Memorandum of decision on named defendant's motion to reargue and for reconsideration. *Motion denied.*

*Joshua Pedreira*, for the plaintiff.

*Robert M. Fleischer*, for the named defendant.

*Opinion*

HON. ALFRED J. JENNINGS, JR., JUDGE TRIAL REFEREE. The defendant Scott E. Ostrosky moves to reargue and for reconsideration of the ruling by the court on June 18, 2018, granting the plaintiff's motion for a judgment of foreclosure and entering judgment of foreclosure by sale on June 18, with a sale date of December 8, 2018. Since both parties have briefed the issue thoroughly, the court will decide this motion as a motion for reconsideration.

The defendant argues, first, that the default for failure to plead entered against him by the clerk on June 7, 2018, in response to the plaintiff's motion for default for failure to plead, dated May 23, 2018 (No. 114), was invalid and cannot serve as the basis for judgment. The defendant's reasoning is that the motion for default for failure to plead was filed "pursuant to Connecticut Practice Book § 10-18," which provides: "Parties failing to plead according to the rules and orders of the judicial authority may be nonsuited or defaulted, as the case may be. (See General Statutes § 52-119 and annotations.)" The referenced statute, § 52-119, provides: "Parties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, as the case may be." The May 23, 2018 motion for default alleges that "the return date was November 8, 2016, and, to date, no responsive pleading has been filed by the defendant Scott Ostrosky, although the time limit for such has passed." The time limit at issue, as stated in Practice Book § 10-8, for a foreclosure action such as this, is fifteen days after the return date. There is no claim by the defendant that he had filed a responsive pleading to the complaint within that fifteen day time frame or at any subsequent date. The defendant argues that a motion for default for failure to plead may also be brought under Practice Book § 17-32 (a), which specifically authorizes that the motion "shall be acted on by the clerk not less than seven days from the filing of the motion, without placement on the short calendar." Since the clerk is specifically authorized to act on a motion for default filed pursuant to Practice Book § 17-32 (a), but there is no such specific authority stated in Practice Book § 10-18 for the clerk to act on a motion for default filed pursuant to that section, the defendant argues that it was improper and invalid for the clerk to have granted the motion for default filed against him brought pursuant to § 10-18. The argument fails because Practice Book § 10-18 (and § 52-119) provide simply that the party who has failed to plead within the time specified in the rules "may be nonsuited or defaulted, as the case may be." The authority to grant or to deny such nonsuit or default is not stated or limited in Practice Book § 10-18, but left to other provisions of law. But the language of Practice Book § 17-32 (a) granting authority of the clerk to act on motions for default

for failure to plead is clearly and expressly stated as applying "[w]here a defendant is in default for failure to plead pursuant to Section 10-8 . . . ." This motion for default was filed pursuant to Practice Book § 10-18 on May 23, 2018, for failure to plead within the time limit of Practice Book § 10-8. The motion was granted by the clerk more than seven days later, on June 7, 2018. As the Appellate Court has stated in *Deutsche Bank National Trust Co.* v. *Bertrand*, 140 Conn. App. 646, 657, 59 A.3d 864, cert. dismissed, 309 Conn. 905, 68 A.3d 661 (2013): "When a defendant fails to advance timely the pleadings in accordance with Practice Book § 10-8, Practice Book § 17-32 sets forth a procedure by which the clerk of the court, without input from the judicial authority, may act on a motion for default filed by the plaintiff." There was nothing improper or invalid about the clerk entering default for failure to plead within the Practice Book § 10-8 limits on June 7, 2018.

The defendant argues, second, that the plaintiff's motion for judgment of strict foreclosure (No. 115), filed on June 6, 2018, and granted as a judgment of foreclosure by sale on June 18, 2018, was filed prematurely in violation of the language of Practice Book § 17-32 (b), which states: "A claim for a hearing in damages or motion for judgment shall not be filed before the expiration of fifteen days from the date of notice of the issuance of the default under this subsection." In this case, the motion for judgment of strict foreclosure was filed on June 6, 2018, which was one day prior to the entry of default for failure to plead on June 7, 2018. The plaintiff asserts, and the court agrees, that the foregoing fifteen day limitation of Practice Book § 17-32 (b) is excused by Practice Book § 17-33 (b) in the case [of] a judgment entered in a foreclosure case such as this. Practice Book § 17-33 (b) provides: "Since the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned, the judicial authority, at or after the time that it renders the default, notwithstanding Section 17-32 (b), may also render judgment in foreclosure cases, in actions similar thereto and in summary process actions, provided the plaintiff has also made a motion for judgment and provided further that any necessary affidavits of debt or accounts or statements verified by oath, in proper form, are submitted to the judicial authority." In this case, a motion for judgment of strict foreclosure had been filed by the plaintiff on June 6, 2018. Before that motion was granted on June 18, 2018, the plaintiff had filed all the requisite affidavits, appraisal, and foreclosure worksheet in proper form. The defendant argues, however, that the fifteen day limitation of Practice Book § 17-32 (b) is not excused because the foregoing excusing provision of Practice Book § 17-33 (b) only applies "at or after the time it renders the default" and that the word "it" refers back to the judicial authority" so that, in this case, where the default had been granted

by the clerk, who, he claims, is not a "judicial authority," the fifteen day limit was not excused. Practice Book § 1-1 (c) defines the term "judicial authority" as "the Superior Court, any judge thereof, each judge trial referee when the Superior Court has referred a case to such trial referee pursuant to General Statutes § 52-434, and for purposes of the small claims rules only, any magistrate appointed by the chief court administrator pursuant to General Statutes § 51-193*l*." The definition does not specifically include a clerk of the court, but it does include "the Superior Court," which would include an order of an officer of the court, such as an assistant clerk acting on behalf of the Superior Court pursuant to a mandatory grant of authority under Practice Book § 17-32 (a) (motion for default for default for failure to plead within deadline of Practice Book § 10-8 "SHALL be acted on by the clerk" (emphasis added)).

The strict interpretation of Practice Book § 17-33 (b) urged by the defendant is inconsistent with the Supreme Court's holding that "[t]he design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." (Internal quotation marks omitted.) *Coppola* v. *Coppola*, 243 Conn. 657, 665, 707 A.2d 281 (1998). Since Practice Book § 17-32 (a) mandated that motions for default for failure to plead "shall be acted on by the clerk," under the defendant's narrow interpretation, no judgment of strict foreclosure following default for failure to plead could ever be filed until fifteen days had elapsed following the granting of default, despite the obvious intent of Practice Book § 17-33 (b) to "facilitate business" by permitting the simultaneous filing of a motion for default for failure to plead and a motion for judgment of strict foreclosure in foreclosure and similar cases. That interpretation virtually eliminates rule 17-33 (b) from ever taking effect in a failure to plead situation—which would definitely not "facilitate business." It is manifest to this court that the liberal interpretation treating an authorized order by the clerk as an order of "the Superior Court" and, therefore, an order of "the judicial authority" for the purposes of Practice Book § 17-33 (b) is appropriate. There should be no surprise that a defendant who has appeared by counsel but has not filed a responsive pleading to the complaint eighteen months after the return date should be defaulted for failure to plead and subject to an immediate motion for judgment of foreclosure. The expressed reasoning of the Practice Book § 17-33 (b) exception to waiting fifteen days applies here: "Since the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned . . . ." See *Chase Manhattan Mortgage Corp.* v. *Burton*, 81 Conn. App. 662, 841 A.2d 248, cert. denied, 268 Conn. 919, 847 A.2d 313 (2004), where the plaintiff had simultaneously filed

a motion for judgment and a motion for default for failure to plead. The clerk granted the motion for default on September 11, 2002, and the court rendered judgment on September 16, 2002. Id., 667. The Appellate Court held that, because the case was a foreclosure proceeding, Practice Book § 17-33 (b) applied and the court properly rendered judgment despite only five days elapsing after the default had entered.

For the foregoing reasons, the defendant's motion to reargue and for reconsideration is denied, and the plaintiff's objection thereto is sustained.

* Affirmed. *Newtown* v. *Ostrosky,* 201 Conn. App.    ,    A.3d    (2020).

––––––––––––––––––––––––