******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DEUTSCHE BANK NATIONAL TRUST COMPANY,
TRUSTEE *v.* FREDERICK B. CORNELIUS ET AL.
(AC 37548)

Alvord, Prescott and Norcott, Js.

*Argued October 26, 2016—officially released January 10, 2017*

(Appeal from Superior Court, judicial district of
Hartford, Wahla, J. [motion to strike]; Vacchelli, J.
[motion for judgment of foreclosure by sale.)

*Frederick Cornelius*, self-represented, the appellant
(named defendant).

*Elizabeth T. Timkovich*, with whom, on the brief,
was *Pierre-Yves Kolakowski*, for the appellee
(plaintiff).

*Opinion*

ALVORD, J. The defendant, Frederick B. Cornelius,[1] appeals from the judgment of foreclosure by sale rendered after the entry of a second default for failure to plead. On appeal, the defendant claims that (1) the trial court did not have jurisdiction to adjudicate the present foreclosure action, (2) the trial court erroneously denied his motion to strike the complaint, and (3) the trial court erroneously denied his motion to set aside the second default for failure to plead. We disagree and, therefore, affirm the judgment of the trial court.

On May 23, 2001, H. Thomas Cornelius[2] executed a $216,000 note (note) secured by an open-end mortgage deed (mortgage) in favor of Express Capital Lending, which encumbered the property located at 1631 Boulevard, West Hartford (property). That same day, the note and the mortgage were assigned to Impac Funding Corporation. The mortgage was subsequently recorded in the West Hartford land records on May 24, 2001. In September 2001, H. Thomas Cornelius executed a quitclaim deed related to the property in favor of the defendant.

On October 22, 2010, Impac Funding Corporation assigned the note and mortgage to the plaintiff, Deutsche Bank National Trust Company, as indenture trustee under the indenture relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2004-5. On September 25, 2013, the plaintiff filed the operative complaint seeking to foreclose on the mortgage and the property.[3] The plaintiff named the defendant in the foreclosure action because he "may claim an interest in said premises by virtue of [his] quitclaim deed . . . ." On November 19, 2013, the defendant filed a pro se appearance in the case.

On February 12, 2014, the plaintiff filed a motion for default against the defendant for failure to plead, which was granted on February 24, 2014. On February 25, 2014, the plaintiff filed a motion for judgment of strict foreclosure. On March 4, 2014, the defendant filed a motion to open the default, which was granted on March 25, 2014. On June 4, 2014, the plaintiff filed a second motion for default against the defendant for his continued failure to plead, which was granted on June 12, 2014. On June 17, 2014, the defendant filed a motion to strike the complaint, arguing that "the complaint does not allege notice of default which is a condition precedent to an action for foreclosure." On August 4, 2014, the court denied the defendant's motion to strike, reasoning that it was inoperative in light of the second default currently entered in the action. On August 19, 2014, the defendant filed his motion to open the second default. In that motion, he argued that the second default was invalid because he never received notice or a hearing on the motion for default, as purportedly

required by General Statutes § 52-121 (b), and he "filed a responsive pleading only a couple days after the clerk granted the default for failure to plead," namely, a motion to strike. On September 2, 2012, the court denied the defendant's motion to open the second default because "the defendant did not show good cause to set aside the default" and "this was the second default entered against the defendant."[4]

On December 1, 2014, the defendant filed a motion to dismiss the foreclosure action, arguing that the plaintiff lacked standing "[b]ecause the complaint contains no allegation of a causal connection between the plaintiff's injury and any action of the defendant." On December 15, 2014, the court held a hearing on the defendant's motion to dismiss and the plaintiff's motion for strict foreclosure.[5] At the hearing, the defendant initially stated that his argument that the plaintiff lacked standing had "nothing to do with" the plaintiff's "ownership or nonownership of the note." In an abundance of caution, the court stated that it wanted to "double check" the note, which it stated it had previously reviewed at the December 1, 2014 hearing, and the plaintiff presented the note to the court. Because the defendant insisted that he was not presently contesting the plaintiff's ownership of the note, the court informed the defendant that he could challenge standing on this basis later in the hearing if he wanted to and denied the defendant's motion to dismiss on the grounds raised in his motion. After its ruling, the court entertained further discussion concerning the defendant's motion to dismiss.

Eventually, the court addressed the plaintiff's motion for strict foreclosure. During that discussion, the defendant interjected that the plaintiff lacked standing because it failed to establish that it was the holder of the note prior to the commencement of the foreclosure action. The plaintiff then presented the court with the mortgage and the assignments of the note and mortgage. The court reviewed the note, the mortgage, and the assignments. In particular, the court observed that the allonge on the note that pertained to the plaintiff stated that the plaintiff became "entitled to collect the debt as evidenced by the note" "[o]n/or before September 25, 2012." The court also observed that the assignment of the note and mortgage to the plaintiff "was dated October 22, 2010." The court gave the defendant an opportunity to rebut the plaintiff's evidence, but ultimately it held that the plaintiff had established that it had standing to prosecute the foreclosure action.

On December 16, 2016, the court rendered a judgment of foreclosure by sale. This appeal followed.

I

We first address the defendant's claim that the trial court lacked subject matter jurisdiction because the

plaintiff failed to establish that it owned the note before it commenced the present foreclosure action and, thus, had standing to prosecute the action. We disagree.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [When] a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . In addition, because standing implicates the court's subject matter jurisdiction, the issue of standing is not subject to waiver and may be raised at any time." (Citations omitted; internal quotation marks omitted.) *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 125–26, 74 A.3d 1225 (2013).

"Generally, in order to have standing to bring a foreclosure action the plaintiff must, *at the time the action is commenced*, be entitled to enforce the promissory note that is secured by the property. . . . The plaintiff's possession of a note endorsed in blank is prima facie evidence that it is a holder and is entitled to enforce the note, thereby conferring standing to commence a foreclosure action. . . . After the plaintiff has presented this prima facie evidence, the burden is on the defendant to impeach the validity of [the] evidence that [the plaintiff] possessed the note at the time that it commenced the . . . action or to rebut the presumption that [the plaintiff] owns the underlying debt. . . . The defendant [must] set up and prove the facts [that] limit or change the plaintiff's rights . . . ." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Bliss*, 159 Conn. App. 483, 488–89, 124 A.3d 890, cert. denied, 320 Conn. 903, 127 A.3d 186 (2015).

Turning to the facts of the present case, the plaintiff alleged in its complaint that it possessed the note. The plaintiff then produced the note at the December 1 and 15, 2015 hearings, and it produced the mortgage and the assignments of the note and mortgage at the December 15, 2015 hearing. The record expressly reflects that the court carefully reviewed each of these documents at the December 15 hearing. The plaintiff's presentation of the note in court created a presumption that it had standing to prosecute the foreclosure action. The plaintiff's presentation of the assignments of the note and mortgage further buttressed its assertion that it possessed the note prior to the commencement of the foreclosure action because the assignment of the note and mortgage to the plaintiff was dated almost three years before the foreclosure action was commenced.[6] The

defendant did not present any evidence that the note possessed by the plaintiff is invalid or that the plaintiff did not possess the note at the time the present action was commenced. On the basis of the foregoing facts, the court properly concluded that the plaintiff had standing.

We observe that our Supreme Court has found standing in circumstances almost identical to the facts presented in this case. In *Equity One, Inc.* v. *Shivers*, supra, 310 Conn. 129, during a hearing on a motion to reopen and reenter the judgment of foreclosure, the defendant argued that the plaintiff did not have standing because it had not established that it possessed the note prior to the commencement of the foreclosure action. The plaintiff produced a copy of the original note, which the court had previously reviewed at the hearing on the plaintiff's motion for strict foreclosure. Id. The plaintiff also produced and "the court reviewed a certified copy of the original mortgage . . . and the assignment of the note and mortgage . . . to the plaintiff," which was dated twenty days before the commencement of the action. Id., 130. After examining the mortgage and assignment, the court concluded that the plaintiff had standing.[7] See *Equity One, Inc.* v. *Shivers*, supra, 310 Conn. 131. This court reversed the judgment of strict foreclosure, holding that a full evidentiary hearing was necessary to determine whether the plaintiff was the holder of the note and therefore had standing to bring a foreclosure action at the time it was commenced. Id., 123–24. Our Supreme Court reversed our judgment, concluding that the hearing that occurred was adequate for purposes of determining whether the plaintiff had standing. Id., 131. The court specifically stated that "the [trial] court reasonably and properly found that the plaintiff had standing to commence the action" based on the "copy of the original note, which was endorsed in blank . . . [and] the copy of the mortgage and an assignment of the note and mortgage . . . to the plaintiff, dated [prior to the commencement of the foreclosure action]." Id.

The defendant nevertheless argues that this case is controlled by our more recent decision in *Deutsche Bank National Trust Co.* v. *Thompson*, 163 Conn. App. 827, 136 A.3d 1277 (2016). In that case, the defendant for the first time on appeal challenged the plaintiff's standing to bring the underlying foreclosure action. Id., 831. We concluded that the record was inadequate to review that jurisdictional claim. Id., 836. "First, after a thorough review of the record, we [concluded] that it [contained] no documents demonstrating when the plaintiff came to hold or own the note. The only note in the record before us [was] the fixed-rate balloon note [which] [was] payable to the original lender . . . and [contained] no endorsement. . . . Although the record [contained] documents memorializing the assignment of the mortgage from [the original lender] to the plaintiff, there [were] no assignment documents with respect

to the note.[8] Thus, the record [provided] no clues as to when, *if ever,* the plaintiff acquired the note. Second, the trial court made no factual finding as to when the plaintiff acquired the note. No memorandum of decision [accompanied] the court's judgment of strict foreclosure or order on the plaintiff's motion to open judgment and reset the law days. Additionally, no transcript of any hearing in which the court might have made such a finding [had] been provided for our review." (Emphasis added; footnote added.) Id., 832–33.

The record in the present case does not contain the same deficiencies that were problematic in *Thompson.* The plaintiff produced the note, the mortgage, and the dated assignments of the note and mortgage at the December 15, 2015 hearing. After reviewing these documents and discussing them with the parties, the court found on the record that the plaintiff possessed the note prior to the commencement of the foreclosure action. The defendant did not offer any evidence that the note presented by the plaintiff was invalid or that the plaintiff did not possess the note when it commenced the foreclosure action. Instead, the defendant repeats his concern that the court did not make a specific factual finding as to the *date* on which the plaintiff acquired the note. However, our jurisprudence has never required the court to make a specific factual finding as to the date on which the plaintiff acquired the note to establish standing in a foreclosure action. The plaintiff in a foreclosure action merely has to establish by a preponderance of the evidence that it possessed the note at the time the foreclosure action was commenced. *Deutsche Bank National Trust Co.* v. *Bliss,* supra, 159 Conn. App. 488.

In light of the foregoing facts, we conclude that trial court properly found that the plaintiff had standing to prosecute this foreclosure action.

II

The defendant next claims that the trial court erred when it failed to consider the merits of his motion to strike the complaint. First, the defendant argues that because the basis for the motion to strike was the plaintiff's failure to issue notice that the note was in default, as purportedly required by the mortgage,[9] the trial court and this court lack jurisdiction over the present case. Second, the defendant argues that the court violated General Statutes § 52-121 by concluding that his motion to strike was inoperative and by not considering it on the merits. We conclude that the mortgage's notice provision does not implicate subject matter jurisdiction and that the trial court did not err in denying the defendant's motion to strike.

As a threshold matter, the defendant misunderstands the nature of the jurisdiction of our courts. "Although the term is sometimes loosely used, 'jurisdiction' in

proper usage is the power in a court to hear and determine the cause of action presented to it." *LaReau* v. *Reincke*, 158 Conn. 486, 492, 264 A.2d 576 (1969). "It is axiomatic that [a court's] jurisdiction is derived from the constitutional or statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed. Thus, the determination of the existence and extent of [a court's] jurisdiction depends upon *the terms of the statutory or constitutional provisions in which it has its source*." (Emphasis added; internal quotation marks omitted.) *Novak* v. *Levin*, 287 Conn. 71, 78–79, 951 A.2d 514 (2008) (holding that the time periods prescribed in the rules of practice "are fixed by a rule of this court . . . [and are] not constitutionally or legislatively created condition precedent to jurisdiction of this court" [internal quotation marks omitted]). Compare *Connecticut Light & Power Co.* v. *Lighthouse Landings, Inc.*, 279 Conn. 90, 103, 900 A.2d 1242 (2006) (failure to comply with the twenty day limitation of Practice Book § 63-1 [a] does not implicate the court's jurisdiction because it is not a " 'constitutionally or legislatively created condition precedent to . . . jurisdiction' ") with *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 388, 973 A.2d 1229 (2009) (" '[a]s a condition precedent to a summary process action, proper notice to quit [pursuant to General Statutes § 47a–23] is a jurisdictional necessity' ").

In the present appeal, it is undisputed that the mortgage contains a notice provision. This contractual condition precedent, however, merely implicates the rights and obligations of the parties under the mortgage;[10] it does not implicate the power of our courts to adjudicate a claim based on the terms of the mortgage. Therefore, the plaintiff's purported failure to comply with the mortgage's notice provision did not implicate the jurisdiction of the trial court and does not deprive this court of jurisdiction over this foreclosure action.

We also conclude that the court did not err in denying the defendant's motion to strike. The defendant argues that the court erroneously concluded that his motion to strike was "inoperative" because "[t]he motion to strike was filed on June 17, 2014" and "[t]he court did not render a judgment on the default until December 16, 2014." In particular, the defendant argues that § 52-121 requires a trial court to consider the merits of a motion to strike even after a default has been entered so long as no judgment has been rendered. We disagree. Section 52–121 (a) provides in relevant part: "Any pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of the court until the court has heard any motion for judgment by default . . . for failure to plead . . . ." "We acknowledge that there is support for the proposition that a court commits plain error if, prior to rendering a judgment upon default, the court fails to accept for filing a defaulted party's pleading solely on the ground that

the pleading is untimely." *Deutsche Bank National Trust Co.* v. *Bertrand*, 140 Conn. App. 646, 662, 59 A.3d 864, appeal dismissed, 309 Conn. 905, 68 A.3d 661 (2013).

In the present case, however, the court did not deny the defendant's motion to strike because it was untimely. The court denied the motion because it could not act on it while the default was still in effect. "In an action at law, the rule is that the entry of a default operates as a confession by the defaulted defendant of the truth of the material facts alleged in the complaint which are essential to entitle the plaintiff to some of the relief prayed. . . . [I]ts effect is to preclude the defaulted defendant from making any further defense and to permit the entry of a judgment against him on the theory that he has admitted such of the facts alleged in the complaint as are essential to such a judgment. . . . Thus, [a] default admits the material facts that constitute a cause of action . . . and entry of default, when appropriately made, conclusively determines the liability of a defendant." (Citation omitted; internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *St. John*, 80 Conn. App. 767, 775, 837 A.2d 841 (2004). Therefore, the court correctly concluded that it could not consider the defendant's motion to strike until the default was set aside.[11]

### III

Finally, the defendant argues that the court abused its discretion by denying his motion to open the second default. We disagree.

Practice Book § 17-42 provides in relevant part that "[a] motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shown . . . ." "It is well established that [the] determination of whether to set aside [a] default is within the discretion of the trial court . . . [and] such a determination will not be disturbed unless that discretion has been abused or where injustice will result. In the exercise of its discretion, the trial court may consider not only the presence of mistake, accident, inadvertence, misfortune or other reasonable cause . . . factors such as [t]he seriousness of the default, its duration, the reasons for it and the degree of contumacy involved . . . but also, the totality of the circumstances, including whether the delay has caused prejudice to the nondefaulting party." (Internal quotation marks omitted.) *Chevy Chase Bank, F.S.B.* v. *Avidon*, 161 Conn. App. 822, 833, 129 A.3d 757 (2015).

We conclude that the court did not abuse its discretion in denying the defendant's motion to open because the defendant failed to demonstrate that good cause existed to set aside the second default. The defendant was initially defaulted for failure to plead on February 24, 2014. The court granted the defendant's motion to

open the first default on March 25, 2014. By June, 2014, however, the defendant still had not filed any responsive pleadings, and on June 12, 2014, a second default for failure to plead was entered. The defendant filed a motion to open the second default two months later, but he did not offer any good cause for opening the default a second time. His only arguments for opening the second default were that the default was invalid because he never received notice or a hearing on the motion for default, as purportedly required by § 52-121 (b), and he "filed a responsive pleading only a couple days after the clerk granted the default for failure to plead," i.e., a motion to strike.[12] Both of these claims lacked merit. Section 52-121 (b) is irrelevant to this issue; it addresses the proper procedure for the entry of a *default judgment*, not a default. Additionally, a motion to strike is not a responsive pleading that automatically sets aside a default. See Practice Book § 17-32 (b) ("[*i*]*f a party who has been defaulted under this section files an answer* before a judgment after default has been rendered by the judicial authority, *the default shall automatically be set aside* by operation of law unless a claim for a hearing in damages or a motion for judgment has been filed" [emphasis added]).[13]

Therefore, we conclude that the court did not abuse its discretion in denying the defendant's motion to open the second default.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] Several additional parties with interests in the property were named as defendants in this action, but they have not participated in this appeal. We therefore refer in this opinion to Frederick B. Cornelius as the defendant.

[2] H. Thomas Cornelius passed away on November 7, 2008.

[3] In relevant part, the complaint stated that on May 23, 2001, H. Thomas Cornelius executed and delivered to Express Capital Lending a note for a loan in the original principal amount of $216,000. "On said date . . . H. Thomas Cornelius, to secure said note, mortgaged to Express Capital Lending [the property]. . . . Said mortgage deed was recorded on the West Hartford Land Records. . . . Express Capital Lending assigned said mortgage to Impac Funding Corporation. . . . Said mortgage was further assigned to [the plaintiff] by an assignment dated October 22, 2010 and recorded November 1, 2010 . . . . [The plaintiff] . . . has possession of the promissory note. The promissory note has been duly endorsed. [The plaintiff] . . . is the assignee of the security instrument for the referenced loan."

[4] The court did not initially issue a memorandum of decision concerning its denial of the defendant's motion to strike the complaint or his second motion to open the default. On July 24, 2015, the defendant filed a motion for articulation. On September 25, 2015, the court articulated the aforementioned reasons for denying the defendant's motions.

[5] The hearing commenced on December 1, 2014, but the court continued the hearing to December 15, 2014 so that the defendant could file a memorandum in support of his motion to dismiss.

[6] We observe that on appeal, neither party mentioned that the trial court relied on the date of the assignment of the note and mortgage to find standing, although, the plaintiff included the assignment of the note and mortgage in its appendix to its brief. Despite this omission by the parties, we conclude that it is appropriate for us to rely on the assignment of the note and mortgage to resolve this jurisdictional issue because the plaintiff provided it to the trial court at the December 15, 2015 hearing and the court expressly relied on the date of the assignment to find standing.

[7] The record in *Equity One, Inc.*, did not expressly reflect whether the court reviewed the copy of the note at the hearing on the plaintiff's motion to reopen and reenter the judgment of foreclosure. See *Equity One, Inc.* v. *Shivers*, supra, 310 Conn. 131. When the defendant raised the issue of standing at the hearing, the plaintiff explained that it had a copy of the original note that it presented to the court at the hearing on its motion for strict foreclosure. Id., 129. The court asked the plaintiff to show it to the defendant. Id. However, the record did not expressly reflect whether the plaintiff presented the note to the court anytime thereafter. Id.

[8] We also observed, and the plaintiff conceded, that the mortgage was assigned three months after the commencement of the foreclosure action. Id., 830 n.4.

[9] Section 22 of the mortgage states in pertinent part: "Lender shall give notice to Borrower [i.e., H. Thomas Cornelius] prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure or sale of the Property."

[10] We note that *the defendant is not a party to the mortgage*. It is undisputed that the defendant never signed the mortgage or the note and that he is not a "Borrower" pursuant to the mortgage. "Contract obligations are imposed because of conduct of parties manifesting consent, and are owed only to the specific individuals named in the contract. . . . It is well settled that one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract. . . . Under this general proposition, if the plaintiff is neither a party to, nor a contemplated beneficiary of, [the] agreement, she lacks standing to bring her claim for breach of [contract]." (Citation omitted; internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Strong*, 149 Conn. App. 384, 401, 89 A.3d 392, cert. denied, 312 Conn. 923, 94 A.3d 1202 (2014).

[11] A party can set aside a default either by filing an answer before judgment is rendered, pursuant to Practice Book § 17-32 (b), or by filing a motion to set aside the default, pursuant to Practice Book § 17-42.

[12] On appeal, the defendant offers several additional reasons why there was good cause to set aside the default. However, because the defendant did not present any of these arguments to the trial court, we decline to consider them for the first time on appeal.

[13] In his motion to open the default, the defendant cited *People's United Bank* v. *Bok*, 143 Conn. App. 263, 70 A.3d 1074 (2013) for the proposition that a motion to strike is a responsive pleading capable of setting aside a default. That case is inapposite. In *People's United Bank*, we held that the clerk's entry of default was improper because the defendants had filed a request to revise six days before the entry of default. Id. 272–73.