******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property
of the defendant T. When T failed to file an appearance or any responsive
pleadings, the plaintiff filed a motion for default for failure to appear
and a motion for a judgment of strict foreclosure. After T was defaulted
for failure to appear, counsel for T filed an appearance, which, by
operation of law pursuant to the applicable rule of practice (§ 17-20
[d]), set aside the default for failure to appear. Subsequently, T was
defaulted for failure to plead on January 29, 2014. Two days prior to
the granting of that default, however, on January 27, 2014, the trial court
rendered a judgment of foreclosure by sale. The trial court subsequently
granted the plaintiff's motion to open and to vacate that judgment, which
the plaintiff sought for the purpose of allowing it more time to review
T for a possible short sale. After a mediation period had terminated,
the plaintiff filed a second motion for a judgment of strict foreclosure
that was based on the January 29, 2014 default for failure to plead,
which had not been set aside. Before the court ruled on that motion,
T filed an answer and special defenses, and a motion to set aside the
default for failure to plead, which the trial court denied. Thereafter, the
court rendered a judgment of foreclosure by sale, and T appealed to
this court. On appeal, the parties did not dispute that the trial court
erred in ordering the first foreclosure judgment on January 27, 2014,
but they disagreed on the effect that the first foreclosure judgment had
on the court clerk's subsequent granting of the default for failure to
plead and the second foreclosure judgment rendered on that default. T
claimed that the trial court abused its discretion in granting the plaintiff's
second foreclosure motion because the default for failure to plead was
void ab initio, as it was entered after the first foreclosure motion had
been granted erroneously, and, thus, the second foreclosure motion was
predicated on an invalid entry of default. *Held* that the trial court did
not abuse its discretion in rendering the second judgment of foreclosure
by sale, as it was predicated on a valid entry of default against T for
failure to plead; because the first foreclosure judgment was predicated
on the default for failure to appear, which had been automatically set
aside by operation of law when T's counsel filed an appearance, the
first foreclosure judgment was void ab initio, as it was predicated on a
default that had been cured, and it thus had no legal effect or bearing
on the validity of the subsequent default for failure to plead, which was
predicated on a valid motion for default filed by the plaintiff that was
granted by the court clerk, and because T filed his answer and special
defenses after the plaintiff filed its second motion for a judgment of
strict foreclosure, pursuant to the applicable rule of practice (§ 17-32
[b]), the default for failure to plead was not automatically set aside and
the court had discretion to deny the motion to set aside the default filed
by T, who did not challenge that decision on appeal.

Argued February 16—officially released July 11, 2017

*(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Mintz, J.)*

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the named defendant et al., brought to
the Superior Court in the judicial district of Stamford-
Norwalk, where the named defendant et al. were
defaulted for failure to appear; thereafter, counsel for
the named defendant filed an appearance; subsequently,

the court, *Mintz, J.*, granted the plaintiff's motion for a judgment of strict foreclosure and rendered a judgment of foreclosure by sale; thereafter, the named defendant was defaulted for failure to plead; subsequently, the court granted the plaintiff's motion to open and to vacate the default judgment; thereafter, the court granted the plaintiff's motion for a judgment of strict foreclosure and rendered a judgment of foreclosure by sale; subsequently, the court denied the named defendant's motions to reargue and to open the judgment, and the named defendant appealed to this court. *Affirmed.*

*Francis Lieto*, with whom, on the brief, was *Nicole L. Barber*, for the appellant (named defendant).

*Benjamin T. Staskiewicz*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. In this foreclosure action, the defendant James W. Talbot appeals from the judgment of foreclosure by sale, rendered in favor of the plaintiff, The Bank of New York Mellon, formerly known as The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OH3, Mortgage Pass-Through Certificates, Series 2007-OH3.[1] The defendant claims on appeal that the court abused its discretion because the judgment of foreclosure by sale was predicated on a default that had been entered in error. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this claim. The defendant owned real property in New Canaan for which he executed and delivered to Countrywide Home Loans, Inc. (Countrywide), a note for a loan in the principal amount of $2,280,000. As security for the note, on May 25, 2007, the defendant executed and delivered a mortgage on the property to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide. The mortgage was recorded on May 31, 2007, and later was assigned to the plaintiff on October 19, 2011. The assignment was recorded on November 1, 2011. The plaintiff, stating that the note was in default, elected to accelerate the balance due on the note, and provided written notice to the defendant of its intention to foreclose on the property unless the note was paid in full. The defendant did not cure the default, and on July 20, 2012, the plaintiff filed this foreclosure action against the defendant.

The defendant did not file an appearance or any responsive pleadings over the following eighteen months, and on December 13, 2013, the plaintiff filed a motion for default against the defendant for failure to appear, which the court clerk granted on December 24, 2013. The plaintiff also filed, on December 13, 2013, a motion for judgment of strict foreclosure (first foreclosure motion), on which the court did not immediately rule. Counsel for the defendant later filed an appearance on January 2, 2014, which, by operation of law, set aside the default for failure to appear. Practice Book § 17-20 (d). Following the filing of this appearance, the defendant failed to file any responsive pleadings, and on January 22, 2014, the plaintiff filed a motion for default against the defendant for failure to plead, which the court clerk granted on January 29, 2014. The defendant made no attempt to set aside this default. Two days *prior* to the granting of the default, however, on January 27, 2014, the court, *Mintz, J.*, rendered a judgment of foreclosure by sale (first foreclosure judgment), rather than a strict foreclosure, as the plaintiff had requested in its December 13, 2013 motion for judgment of strict foreclosure. The defendant made no attempt to vacate the judgment. The plaintiff, however, filed a motion asking the court to open and to vacate

the judgment of foreclosure by sale on March 13, 2014. The plaintiff requested in its motion that the court open the judgment "for the purpose of allowing the plaintiff additional time to review the [defendant] for a possible short sale." The motion to open was not based on the fact that the judgment had been rendered in the absence of a valid entry of default. The court granted the motion to open on March 31, 2014.

The case was continued multiple times over the next year as the parties participated in foreclosure mediation, and on June 3, 2015, the foreclosure mediator submitted a final report to the court certifying that the mediation period had terminated. On June 23, 2015, new counsel for the defendant filed an appearance, but the defendant still failed to file any responsive pleadings. Thereafter, on July 14, 2015, the plaintiff filed its second motion for judgment of strict foreclosure (second foreclosure motion), on the basis of the default for failure to plead, which had been granted on January 29, 2014, and had never been set aside.

Before the court ruled on the plaintiff's second foreclosure motion, the defendant filed, on July 16, 2015, his answer and special defenses. Additionally, he filed a motion to set aside the January 29, 2014 default for failure to plead. In his motion, he alleged that he had "diligently [pursued] a short sale throughout the term of the mediation," that "[t]he plaintiff will not be prejudiced, in any way, by the setting aside of the default, as mediation was just terminated a month ago," and that he had hired new counsel who "needs time to review the applicable complaint as well as interview the defendant to determine if he has any defenses . . . ." After a hearing, the court, on July 27, 2015, summarily denied the defendant's motion to set aside the default for failure to plead. The defendant does not challenge this decision on appeal.

On July 27, 2015, the court again rendered a judgment of foreclosure by sale (second foreclosure judgment), rather than the strict foreclosure that the plaintiff had requested in its second foreclosure motion. The defendant filed a motion to reargue/reconsider the court's denial of his motion to set aside the default for failure to plead, and a motion to reargue/reconsider the court's granting of the plaintiff's second foreclosure motion. After a hearing, the court denied both motions on September 28, 2015. This appeal followed.

On appeal, the parties do not dispute that the court erred in ordering the first foreclosure judgment on January 27, 2014. They disagree, however, on the effect that the January 27, 2014 judgment had on the clerk's subsequent granting of a default for failure to plead and the second foreclosure judgment rendered on that default. The defendant argues that the court abused its discretion in granting the plaintiff's second foreclosure motion. Specifically, he argues that the default for fail-

ure to plead was void ab initio because it was entered after the first foreclosure motion had been granted erroneously, and, therefore, the second foreclosure motion was predicated on an invalid entry of default. In response, the plaintiff argues that the validity of the default for failure to plead was not affected by the erroneous granting of the first foreclosure motion, and, therefore, the second foreclosure judgment, the operative judgment, was predicated on a valid entry of default. We agree with the plaintiff.

We first set forth our standard of review. "The standard of review of a judgment of foreclosure by sale or by strict foreclosure is whether the trial court abused its discretion. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *People's United Bank* v. *Bok*, 143 Conn. App. 263, 267, 70 A.3d 1074 (2013).

We next review the relevant legal and procedural principles that govern our analysis. Practice Book § 17-20 (d) provides in relevant part that when a party is in default for failure to appear, "[i]f the defaulted party files an appearance in the action prior to the entry of judgment after default, the default shall automatically be set aside by operation of law. . . ." If a judgment is rendered "based on a default which had been set aside automatically," the judgment is void ab initio and without legal effect. *Hartford Provision Company* v. *Salvatore's Restaurant, Inc.*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-92-0509323-S (March 7, 1994) (11 Conn. L. Rptr. 252).

"General Statutes § 52-119 provides that [p]arties failing to plead according to the rules and orders of the court may be . . . defaulted . . . . Section 10-18 of our rules of practice essentially mirrors that language." (Internal quotation marks omitted.) *People's United Bank* v. *Bok*, supra, 143 Conn. App. 268. "[T]he effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned . . . ." Practice Book § 17-33 (b). Practice Book § 17-33 (b) provides that when a party is in default for failure to plead, "the judicial authority, at or after the time it renders the default . . . may also render judgment in foreclosure cases . . . ." If the defaulted party has filed an answer before judgment is rendered, however, the default is automatically set aside by operation of law. Practice Book § 17-32 (b). If a motion for judgment already has been filed by the adverse party at the time the defaulted party files his answer, however, "the default may be set aside only by the judicial author-

ity." Practice Book § 17-32 (b).

Applying these procedural rules to the present case, we conclude that the default for failure to plead was properly entered on January 29, 2014, and it was not affected by the court's rendering and then setting aside of the first judgment. As a consequence, the second motion for foreclosure was predicated on a valid entry of default against the defendant. In so determining, we look first at the plaintiff's motion for default for failure to appear, which it filed with its first foreclosure motion on December 13, 2013, over one month before the plaintiff filed the motion for default for failure to plead. Therefore, contrary to the defendant's assertion that the first foreclosure judgment was predicated on the default for failure to *plead*, it would appear, instead, that the first foreclosure judgment was actually predicated on the default for failure to *appear*, which was granted by the clerk on December 24, 2013. Before the court rendered the judgment of foreclosure by sale, however, the defendant's counsel filed an appearance on January 6, 2014. Accordingly, the default for failure to appear was automatically set aside by operation of law, pursuant to Practice Book § 17-20 (d), rendering the first foreclosure judgment void ab initio, as it was predicated on that now cured default.

Therefore, the first foreclosure judgment, having no legal effect, had no legal bearing on the validity of the subsequent default for failure to plead, which was predicated on a valid motion filed by the plaintiff on January 22, 2014, and granted by the clerk on January 29, 2014. Because the defendant filed his answer after the plaintiff filed its second motion for a judgment of strict foreclosure, the default for failure to plead was not automatically set aside, pursuant to Practice Book § 17-32 (b). Therefore, the court had the discretion to deny the defendant's motion to set aside the default. Because the defendant does not challenge on appeal the court's denial of his motion to set aside the default, we need not determine whether the court correctly denied the motion.

The court, thereafter, rendered judgment of foreclosure by sale, on July 27, 2015, predicated on a valid entry of default for failure to plead, which was entered on January 29, 2014. Accordingly, the court did not abuse its discretion in rendering the judgment of foreclosure by sale against the defendant.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.

[1] The plaintiff also served as defendants: Sharon Talbot; Bank of America, N.A.; United States of America, Internal Revenue Service; Olympic Construction, LLC; and Optos Inc. The defendant James Talbot solely brought this appeal, and, therefore, any reference to the defendant is to James Talbot unless otherwise indicated.