******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BEAR, J., dissenting. The defendant, Daniel Scroggin also known as Daniel J. Scroggin also known as Daniel F. Scroggin, appeals from the judgment of strict foreclosure[1] rendered against him by the trial court on April 18, 2016, in favor of the substitute plaintiff, AJX Mortgage Trust 1, a Delaware Trust, Wilmington Savings Fund Society, F.S.B., Trustee.[2] On appeal, the defendant argues that the court erred in rendering the judgment of strict foreclosure (1) based on a default for failure to plead, because Chase Home Finance, LLC (Chase), significantly amended the pleadings after the default entered, and he was, therefore, entitled to answer prior to the hearing on the motion for judgment of strict foreclosure, and (2) in violation of General Statutes § 52-121 (a).[3] The majority agrees with the defendant as to his first claim and concludes that the court abused its discretion in rendering the judgment of strict foreclosure. I respectfully disagree with the majority's disposition of the defendant's first claim, and I disagree with the defendant's second claim, which the majority does not reach in light of its disposition of the first claim. Accordingly, I would affirm the judgment of the trial court.

I

The defendant first argues that the court erred in rendering the judgment of strict foreclosure based on the entry of the June 16, 2010 default for failure to plead. Specifically, the defendant asserts that Chase significantly amended the pleadings after the default entered, which extinguished the default, and he, therefore, was entitled to answer the first count, inter alia, prior to the hearing on the motion for judgment of strict foreclosure. Despite the additional facts and legal theories set forth in the amended complaint, the first count seeking strict foreclosure, the only count in the original complaint, was not substantially changed in the amended complaint to the point where such default was deemed to be vacated.

The majority looks to the changes in and the additions to the amended complaint as a whole in concluding that those changes and additions effectively vacated the default entered on the first count of the original complaint.[4] The focus of the inquiry in this appeal, however, should not be on the amended complaint as a whole. Because the defendant has not appealed from the judgment rendered against him on the fifth and sixth counts of the amended complaint, alleging unjust enrichment and fraud, and he had no legal interest in the dispute between Chase and Bank of America as alleged in the second, third, and fourth counts of the amended complaint, the proper inquiry in this appeal is whether the amended complaint substantially changed

the original count for strict foreclosure, the judgment rendered on which is the sole basis for the defendant's appeal, to the point where it had the effect of extinguishing the default entered thereon. The case law cited by the majority readily supports my conclusion that the court did not abuse its discretion in determining that the amended complaint did not have the effect of extinguishing the default entered on the first count, so as to permit the defendant to file an answer thereto prior to or instead of filing a motion to open and vacate that default.

As conceded in the majority opinion, the analyses of this court in *Willamette Management Associates*, *Inc.* v. *Palczynski*, 134 Conn. App. 58, 38 A.3d 1212 (2012), and *Spilke* v. *Wicklow*, 138 Conn. App. 251, 53 A.3d 245 (2012), cert. denied, 307 Conn. 945, 60 A.3d 737 (2013), are pertinent to and instructive in this case. "[I]n both cases the question primarily was whether the filing of an amended complaint after a finding of default extinguished the default and allowed the defendant to plead in response." *Spilke* v. *Wicklow*, supra, 270.

In *Willamette Management Associates*, *Inc.*, following a default against the defendant for failure to plead, the plaintiff filed an amended complaint to correct a scrivener's error. *Willamette Management Associates*, *Inc.* v. *Palczynski*, supra, 134 Conn. App. 63. The trial court declined to give effect to the defendant's answer filed in response to the amended complaint because "[n]othing changed in the substantive pleadings and [the defendant had] been defaulted." (Internal quotation marks omitted.) Id., 64. On appeal, this court concluded that the trial court did not abuse its discretion in prohibiting the defendant from filing an answer because "[n]o change of any kind, and thus certainly not a substantial change, was made to the *cause of action*"; (emphasis added) id., 69; and thus it was not inequitable for the court to have exercised its discretion in the manner that it did. Id., 68–69.

In *Spilke*, "the plaintiff filed four amended complaints after the defendants were defaulted. . . . Although the complaints differed in some respects from the original complaint, the substantive allegations remained the same." *Spilke* v. *Wicklow*, supra, 138 Conn. App. 270. The defendants filed a motion to strike the case from the hearing in damages list, "arguing that the plaintiff had amended her complaint numerous times since the entry of default against the defendants, which, in turn, extinguished the default." Id., 266. The trial court denied the defendant's motion. Id. On appeal, this court concluded that the court did not abuse its discretion in denying the motion to strike because "[a]s in *Willamette Management Associates*, *Inc.* . . . the amendments worked no substantial change in the *cause of action* and . . . the defendants have not demonstrated any prejudice suffered." (Emphasis added.) Id., 270.

Our Supreme Court stated in *Mazulis* v. *Zeldner*, which is cited in *Willamette Management Associates, Inc.*, that "[i]f the effect of an amendment of a complaint . . . is to substantially change the *cause of action* originally stated, the defendant is entitled to file new or amended pleadings and present further evidence." (Emphasis added.) *Mazulis* v. *Zeldner*, 116 Conn. 314, 317, 164 A. 713 (1933). Therefore, the focus of our inquiry should be whether the amendment substantially changed the cause of action, i.e., in this appeal, the first count for strict foreclosure.

Here, the cause of action for strict foreclosure in the original complaint was not substantially changed in the amended complaint. Although, unlike in *Willamette Management Associates, Inc.*, the amended complaint in the present case did contain more than a scrivener's error, since it added new causes of action and an additional party, the defendant has not appealed from the judgment with respect to those new causes of action against him. The only portion of the judgment appealed from—that of strict foreclosure—was not rendered on a substantially changed original complaint, although, as the majority sets forth in its opinion, there was an equitable subrogation reference added in the amended complaint to the language of the original cause of action.[5] The additional language in the first count of the amended complaint, however, merely reflects Chase's change in position from second mortgagee to first mortgagee, as a result of paying off Bank of America's mortgage.[6] The additional language does not change the substance of the cause of action for strict foreclosure against the defendant.

In summary, despite the additional counts added against the defendant in the amended complaint, both the first, and only, count of the original complaint and the first count of the amended complaint sought a judgment of strict foreclosure against the defendant on the basis of essentially the same allegations. Because the amended complaint did not substantially alter the cause of action that is the subject of this appeal, pursuant to *Willamette* and *Spilke* the default in the original complaint was not deemed to be vacated by the filing of the amended complaint despite the addition of two causes of action against the defendant and three causes of action against Bank of America.[7]

Because I conclude that the defendant's first claim should be rejected, I must consider the defendant's second claim.

II

The defendant argues in his second claim that, by operation of § 52-121 (a), he was entitled to file an operative answer prior to the hearing on the motion for judgment of strict foreclosure filed on June 7, 2010.

Section 52-121 (a) provides: "Any pleading in any civil

action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which the action is pending." A court, in the exercise of its discretion, may refuse to consider a pleading, although it is filed prior to judgment on the default, but doing so is "plain error if, prior to rendering a judgment upon default, the court fails to accept for filing a defaulted party's pleading solely on the ground that the pleading is untimely." (Internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Cornelius*, 170 Conn. App. 104, 117, 154 A.3d 79, cert. denied, 325 Conn. 922, 159 A.3d 1171 (2017); see also *Deutsche Bank National Trust Co.* v. *Bertrand*, 140 Conn. App. 646, 662, 59 A.3d 864, appeal dismissed, 309 Conn. 905, 68 A.3d 661 (2013). Thus, the question is whether the court in the present case found § 52-121 (a) inapplicable for any reason other than timeliness.[8]

This court has previously rejected an argument that the trial court violated § 52-121 (a) in refusing to accept the defaulted party's answer solely on the basis of timeliness when there was another reason pursuant to which the court decided not to allow an answer to be filed. In *Deutsche Bank National Trust Co.* v. *Bertrand*, supra, 140 Conn. App. 662, this court noted: "We acknowledge that there is support for the proposition that a court commits plain error if, prior to rendering a judgment upon default, the court fails to accept for filing a defaulted party's pleading solely on the ground that the pleading is untimely. . . . Our review of the hearing transcript reveals, however, that the plaintiff objected to the court accepting the answer not only because of the extensive history of delay but also because the pleading had not been electronically filed. We again note that the record before us does not contain a precise statement by the court for its ruling; however, the court suggests two possible reasons for rejecting the defendant's request to file his answer and special defenses. In refusing to accept the pleading for filing, the court stated both that 'it's too late for that' and 'you're going to have to e-file it.' Because it is not clear from the record that the court rejected the defendant's pleading solely on the basis that it was untimely, and the defendant has not addressed the electronic filing issue on appeal, we must reject the defendant's claim that § 52-121 provides a basis for concluding that the court abused its discretion in refusing to accept his answer when it was offered for filing at the hearing." (Citation omitted; footnote omitted.) Id.

Similarly here, it is not clear from the record that the court rejected the defendant's answer solely on the basis that it was untimely. At the hearing on the motion for judgment of strict foreclosure, the defendant's counsel asserted that § 52-121 (a) "is controlling, as it indi-

cates that notwithstanding any other statute or court rule, a pleading may be filed until the court has heard any motion for judgment by default." In response, the plaintiff's counsel stated that "[t]his really comes down to timeliness, and the defendant not [repleading] and not moving to open the default." The court concluded: "Well, in my view, [the defendant] should have moved to open a default. [The defendant] didn't. I'll allow [the plaintiff] to go forward with [its] foreclosure." At the end of the hearing, the defendant's counsel again inquired "as to the court's position on the applicability of § 52-121 (a)." The court then explained its reasons for declining to consider the answer and rendering the judgment of foreclosure:

"The Court: You didn't move to [open], waiting five years. And you just can't file an answer once a motion for judgment has been filed.

"[The Defendant's Counsel]: Notwithstanding the statute?

"The Court: I'm entering a foreclosure.

"[The Defendant's Counsel]: Very well, Your Honor.

"The Court: I think your actions were solely for the purpose of delay."

The court thus had before it multiple grounds it could consider in deciding whether to render the judgment of foreclosure, including: (1) the timeliness of the answer; (2) that the defendant never moved to open the default; and (3) that the defendant's actions were solely for the purpose of delay. Similarly to the court in *Bertrand*, where the court considered that the answer was not e-filed in addition to considering the timeliness of the answer, the court here did not expressly reject the pleading solely because it was not filed on time, but also, inter alia, because the defendant had not filed a motion to open the default prior to the filing of the answer. See *Deutsche Bank National Trust Co.* v. *Bertrand*, supra, 140 Conn. App. 662.

The court's ruling, based in part on its consideration of the defendant's failure to move to open, is supported by this court's conclusion in *Deutsche Bank National Trust Co.* v. *Cornelius*, supra, 170 Conn. App. 117, in which this court recently rejected a defendant's argument that "§ 52-121 requires a trial court to consider the merits of a motion to strike even after a default has been entered so long as no judgment has been rendered." This court quoted *Bertrand*, stating: "We acknowledge that there is support for the proposition that a court commits plain error if, prior to rendering a judgment upon default, the court fails to accept for filing a defaulted party's pleading solely on the ground that the pleading is untimely." (Internal quotation marks omitted.) Id. However, this court found that "the court did not deny the defendant's motion to strike because it was untimely": id., 117; but that it "correctly con-

cluded that it could not consider the defendant's motion to strike until the default was set aside." Id., 117–18.

As discussed in part I of this dissenting opinion, the first count for strict foreclosure in the amended complaint was not sufficiently different from the count in the original complaint so as to result in the setting aside or extinguishing of the default. The plaintiff's motion for judgment on the first count was filed on June 7, 2010, the default for failure to plead was entered on June 16, 2010, and, although no motion to open and vacate the default had been filed, the defendant's answer to the first count was filed on November 2, 2015, while the plaintiff's motion for judgment was pending. During the approximately five year period between the default and the hearing on the motion for judgment, the defendant did not move to open the default. Instead, the defendant waited approximately five years after the filing of the amended complaint to file an answer to a cause of action on which he had previously been defaulted, without moving to open and set aside the default prior to filing his answer.[9] As the court stated, the defendant "didn't move to [open], waiting five years. And you just can't file an answer once a motion for judgment has been filed." The court thus reasonably understood that " '[t]he effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned . . . .' Practice Book § 17-33 (b)"; *Bank of New York Mellon* v. *Talbot*, 174 Conn. App. 377, 383, 165 A.3d 1253 (2017); unless it granted the motion to open and vacated the default. "Practice Book § 17-33 (b) provides that when a party is in default for failure to plead, 'the judicial authority, at or after the time it renders the default . . . may also render judgment in foreclosure cases . . . .' If the defaulted party has filed an answer before judgment is rendered, however, the default is automatically set aside by operation of law. Practice Book § 17-32 (b). *If a motion for judgment already has been filed by the adverse party at the time the defaulted party files his answer, however, 'the default may be set aside only by the judicial authority.'* Practice Book § 17-32 (b)." (Emphasis added.) *Bank of New York Mellon* v. *Talbot*, supra, 383. Similarly to the court in *Cornelius*, once the court here determined that the default was not set aside or vacated sub silentio by the amended first count, it had the discretion to decide that it would not consider the defendant's answer while the default on the first count for strict foreclosure remained in effect, and the court did not violate § 52-121 (a) in doing so. See *Deutsche Bank National Trust Co.* v. *Cornelius*, supra, 170 Conn. App. 117.

To summarize, making every reasonable presumption in favor of the trial court's decision, as we are required to do; see *Webster Bank* v. *Zak*, 71 Conn. App. 550, 556–57, 802 A.2d 916, cert. denied, 261 Conn. 938, 808 A.2d 1135 (2002); the court did not err in deciding that

the amended complaint did not extinguish the default, and it was not plain error, but instead was within the court's discretion, for it to decline to consider the defendant's answer to the first count of the amended complaint because the defendant had not filed a motion to open and set aside the default, which default precluded the defendant from making any further defense in the case as to his liability. The court, therefore, did not violate § 52-121 (a) by declining to consider the defendant's answer to the first count and by rendering a judgment of strict foreclosure against him.

Accordingly, I would affirm the judgment of the court.

[1] The defendant has not appealed from the judgment rendered against him on the counts alleging unjust enrichment and fraud.

[2] As the majority explains in footnote 1 of its opinion, Chase Home Finance, LLC, commenced this action in 2009; following the grant of three motions to substitute the plaintiff, the court rendered judgment in favor of the substitute plaintiff, AJX Mortgage Trust 1, a Delaware Trust, Wilmington Savings Fund Society, F.S.B. For purposes of clarity, in this dissenting opinion, I refer to AJX Mortgage Trust 1, a Delaware Trust, Wilmington Savings Fund Society, F.S.B., Trustee as the plaintiff and to Chase Home Finance, LLC (Chase), by name.

[3] General Statutes § 52-121 (a) provides: "Any pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which the action is pending."

[4] As the majority notes in its opinion, a "comparison of the original and amended complaints readily reveals that the amended complaint filed following the default interjected material new issues in the case, thereby substantially changing the pleadings. . . . [I]n contrast to the original, one-count complaint brought against the defendant by Chase, the amended, six-count complaint . . . contained new counts in which the plaintiff sought equitably to subordinate the interest of Bank of America to its mortgage interest, and two new counts directed at the defendant . . . and interjected new material factual allegations and new legal theories . . . ."

[5] The first count in the amended complaint included the additional language that: "On the aforementioned piece of property, the following interests are claimed which are subsequent to [Chase's] said mortgage: A mortgage in favor of Bank of America, N.A., in the original principal amount of $100,000, dated 18, 2007 and recorded February 7, 2007 in Volume 662, Page 195 of the Portland land records." In contrast, the first count in the original complaint stated: "On the aforementioned piece of property, the following interests are claimed which are subsequent to [Chase's] said mortgage: None."

[6] At the time that the complaint was filed, Bank of America maintained first mortgagee status. The amended complaint requested that Chase be subrogated to Bank of America's position as first mortgagee. The reason for the request for subrogation is in the new count two of the amended complaint against Bank of America: "[Chase] paid off, as proceeds of its mortgage set forth herein, a mortgage prior in right to that of the Defendant Bank of America intending to then obtain a first mortgage upon the property herein being foreclosed, and, therefore, should be equitably subrogated to the position of that prior mortgage."

[7] Our law concerning the effect of a default is that "[t]he entry of a default constitutes an admission by the [defaulted party] of the truth of the facts alleged in the complaint. . . . Practice Book § 17-33 (b) provides in relevant part that the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned . . . ." (Citation omitted; internal quotation marks omitted.) *TD Banknorth, N.A.* v. *White Water Mountain Resorts of Connecticut, Inc.*, 133 Conn. App. 536, 545–46, 37 A.3d 766 (2012). Thus, the entry of the default on the first count of the original complaint had the effect of an admission by the defendant of the material facts alleged in that count. Because the first count of the amended complaint did not substantially change the first count of the original complaint, the defendant's admission of the facts of that count remained binding on him. Accordingly, the defendant has not demonstrated any preju-

dice suffered by him from the amended complaint insofar as it relates to the count for strict foreclosure. Cf. *Spilke* v. *Wicklow*, supra, 138 Conn. App. 270.

[8] The defendant did not appeal the judgment rendered against him on the counts alleging unjust enrichment and fraud; therefore, it is not necessary to address whether he was entitled to file a pleading pursuant to § 52-121 (a) to answer or specially defend against those new counts.

[9] Practice Book § 17-42 provides in relevant part: "A motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shown upon such terms as it may impose. . . ." It is well established that "[the] determination of whether to set aside [a] default is within the discretion of the trial court . . . and [such a determination] will not be disturbed unless that discretion has been abused or where injustice will result. In the exercise of its discretion, the trial court may consider not only the presence of mistake, accident, inadvertence, misfortune or other reasonable cause . . . [and] factors such as [t]he seriousness of the default, *its duration*, the reasons for it and the degree of contumacy involved . . . but also, the totality of the circumstances, including whether the delay has caused prejudice to the nondefaulting party." (Citations omitted; emphasis added; internal quotation marks omitted.) *Higgins* v. *Karp*, 243 Conn. 495, 508, 706 A.2d 1 (1998); see also *Chevy Chase Bank*, *F.S.B.* v. *Avidon*, 161 Conn. App. 822, 833, 129 A.3d 757 (2015). In *Spilke*, this court considered the time that the default was in effect, stating that the defendants did not file a pleading, which they denominated a motion to strike, for more than three years after the entry of a default against each of them. *Spilke* v. *Wicklow*, supra, 138 Conn. App. 270. This court took that duration into consideration in its determination that the court did not abuse its discretion in denying that motion to strike the matter from the hearing in damages list. Id. In the present case, more than five years had elapsed before the defendant filed his answer and special defenses while the default was still in effect.

---