LETICIA CLOUGHERTY *v.* KEVIN CLOUGHERTY
(AC 31720)

DiPentima, C. J., and Lavine and Bear, Js.

Argued June 1—officially released September 6, 2011

*William F. Gallagher*, for the appellant (defendant).

*Kenneth J. McDonnell*, for the appellee (plaintiff).

*Maureen M. Murphy*, for the minor child.

DiPENTIMA, C. J. "The plain error doctrine . . . is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved, are of such monumental proportion that they threaten to erode our system of justice . . . ." (Internal quotation marks omitted.) *Perricone* v. *Perricone*, 292 Conn. 187, 218, 972 A.2d 666 (2009). In this appeal from the judgment dissolving the parties' marriage, the defendant, Kevin Clougherty, seeks plain error review of his claim that the trial court improperly relied on certain evidence in authorizing the plaintiff, Leticia Clougherty, to move to Texas with the parties' minor child. We conclude that the defendant's claim does not present the type of extraordinary situation that warrants application of this doctrine and, accordingly, affirm the judgment of the trial court.

The record reveals the following relevant facts. On May 10, 2003, the plaintiff and the defendant were married. A son, born on September 21, 2006, is issue of their marriage. On July 14, 2008, the plaintiff filed a complaint seeking a dissolution of her marriage to the defendant and joint legal custody of the parties' minor child. The defendant filed an answer and cross complaint seeking the same relief. Following a trial, the court orally rendered a judgment of dissolution finding that the parties' marriage had broken down irretrievably.

The court also awarded the parties joint legal custody and shared physical custody of their child. In doing so, the court observed that living in Connecticut had made the plaintiff physically and emotionally ill because her life was completely integrated in Texas, where she enjoyed "a rich and wonderful life." The court found that the plaintiff lacked a job or any significant ties in Connecticut, and had not thrived living away from her

family of origin and the family business, which provided her with the identity that she needed. In discussing where the child primarily would reside, the court determined that the plaintiff was "doing a little bit better of a job as a parent" than the defendant at that time but not in any great qualitative sense. The court expressed concern over the child's "failure to thrive" during the disintegration of the parties' relationship. The court also observed that the child had a close relationship with the plaintiff's large, extended family in Texas, which resulted in his experiencing a richer and more vivacious life there than in Connecticut. The court, therefore, concluded that it was in the child's best interest to allow the plaintiff to return to Texas with the child. Accordingly, the court ordered the parties to maintain two residences for the child, one in Texas with the plaintiff and the other in Connecticut with the defendant, and it set forth a visitation schedule for the defendant.

Thereafter, the defendant filed (1) a motion seeking to have a supplemental examination of the plaintiff and her family in Texas, (2) a motion to clarify the judgment with respect to various terms of the visitation schedule and (3) a motion to open the judgment. The court denied all of these motions, and this appeal followed.

On appeal, the defendant claims that the court improperly based its order allowing the plaintiff and their child to move to Texas on certain testimony by the guardian ad litem that she was not qualified to provide. Specifically, the defendant claims that the guardian ad litem was not qualified to opine that (1) the child suffered from failure to thrive and (2) the defendant was too attached to the child to act in the child's best interest. The defendant concedes that during the trial he failed to raise an objection to the testimony at issue and urges that review of his claim is

required under the plain error doctrine. We disagree that plain error review is warranted.

Codified in Practice Book § 60-5,[1] "[t]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility." (Internal quotation marks omitted.) *State* v. *Myers*, 290 Conn. 278, 289, 963 A.2d 11 (2009). It is a doctrine that should be invoked sparingly and only on "occasions requiring the reversal of the judgment under review." (Internal quotation marks omitted.) Id. "Success on such a claim is rare. Plain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Ortiz*, 71 Conn. App. 865, 871, 804 A.2d 937, cert. denied, 261 Conn. 942, 808 A.2d 1136 (2002).

We engage in a two step analysis in reviewing claims of plain error. "First, we must determine whether the trial court in fact committed an error and, if it did, whether that error was indeed plain in the sense that it is patent [or] readily discernable on the face of a factually adequate record, [and] also . . . obvious in the sense of *not debatable*. . . . [T]his inquiry entails a relatively high standard, under which it is not enough for the defendant simply to demonstrate that his position is correct. Rather, the party seeking plain error review must demonstrate that the claimed impropriety was so clear, obvious and indisputable as to warrant the extraordinary remedy of reversal. . . . Because [a] party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice . . . under the second prong of

[1] Practice Book § 60-5 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court . . . ."

the analysis we must determine whether the consequences of the error are so grievous as to be fundamentally unfair or manifestly unjust." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Coward*, 292 Conn. 296, 307, 972 A.2d 691 (2009).

We cannot conclude that under the facts and circumstances of this case that the court committed error, least of all plain error. First, the guardian ad litem did not offer a medical diagnosis of failure to thrive or an opinion she was unqualified to give. The guardian ad litem testified, without objection, that one of the child's health care providers had explained to her that *there was concern* that the child suffered from failure to thrive. "Hearsay evidence admitted because no objection was voiced can be considered to prove the matters in issue for whatever its worth on its face." *Derderian* v. *Derderian*, 3 Conn. App. 522, 528, 490 A.2d 1008, cert. denied, 196 Conn. 810, 811, 495 A.2d 279 (1985). Nor did the guardian ad litem opine improperly on the mental health of the defendant. Rather, in assessing the best interests of the child, the guardian ad litem testified that based on her observations, the defendant's involvement with the child consumed his entire life and that he was uncomfortable disciplining the child, which she believed interfered with his ability to parent appropriately. It is within the province of a guardian ad litem to offer such testimony. See *In re Tayquon H.*, 76 Conn. App. 693, 704–706, 821 A.2d 796 (2003); see also General Statutes § 46b-129a. Second, it is unclear whether the defendant's failure to interpose an objection to the guardian ad litem's testimony was part of his trial strategy to obtain primary physical custody. At trial, a significant amount of testimony focused on the child's eating habits and failure to gain weight, and both parties testified that the other party was to blame for the child's low weight. In the absence of an obvious and patent

error, there can be no plain error. See *Baugher* v. *Baugher*, 63 Conn. App. 59, 64, 774 A.2d 1089 (2001).

The judgment is affirmed.

In this opinion the other judges concurred.