******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SAINT FRANCIS HOSPITAL AND MEDICAL
CENTER *v.* EDWARD MALLEY ET AL.
(AC 40619)

Alvord, Sheldon and Eveleigh, Js.

*Syllabus*

The plaintiff brought this action against the defendants, T and E, to collect
a debt for unpaid medical expenses incurred by E. L, an attorney, filed
an appearance and answer on behalf of both defendants, although he
had filed motions to withdraw his appearance on behalf of T that were
denied by the court. After L informed the court that he was prepared
to stipulate to a judgment on behalf of E, the court asked how it should
proceed with regard to T, to which the plaintiff's counsel responded
that it should render a default judgment. L said nothing in response to
that request from the plaintiff's counsel, and the court thereupon ren-
dered a default judgment against T in the same amount as the stipulated
judgment against E. On T's appeal to this court, *held* that the default
judgment rendered against T was improper and constituted plain error:
the trial court erred when it entered a default against T because it clearly
lacked a basis to do so, as the court acknowledged that although T was
not present in court on the scheduled trial date, she did not have to be
present because her counsel, L, was present and had appeared on her
behalf, and despite L's prior attempts to withdraw his appearance on
behalf of T, the court did not grant any of his motions to withdraw and,
at the time of the court's entry of a default against T, T was still repre-
sented by L; moreover, the consequences of the court's error were so
grievous as to be fundamentally unfair or manifestly unjust, as T was
unable to challenge her liability for E's medical expenses, the erroneous
entry of a default against T was the sole basis for the court's rendering
of a substantial judgment against her, the entry of a default against
T implicated her due process rights in that she was deprived of her
opportunity to be heard on the merits of the case, and the unwarranted
rendering of a default judgment against T was likely to undermine public
confidence in the judiciary because the court's actions deviated from
established rules and procedures and denied T's due process rights.

Argued January 8—officially released April 2, 2019

*Procedural History*

Action to collect a debt, brought to the Superior Court
in the judicial district of New Britain, where the court,
*Young, J.*, rendered judgment for the plaintiff in accor-
dance with a stipulation of the parties as against the
named defendant; thereafter, the court rendered a
default judgment against the defendant Tracy Malley,
from which the defendant Tracy Malley appealed to
this court. *Reversed; further proceedings.*

*Michael S. Taylor*, with whom was *Brendon P. Lev-
esque*, for the appellant (defendant Tracy Malley).

*Opinion*

EVELEIGH, J. The defendant Tracy Malley[1] appeals from the default judgment rendered against her in favor of the plaintiff, Saint Francis Hospital and Medical Center, in this action to collect a debt for unpaid medical expenses incurred by Edward Malley. On appeal, the defendant claims that there was no basis for the entry of a default against her, and, therefore, the rendering of the default judgment was improper.[2] The plaintiff, who prevailed before the trial court, did not file a brief, therefore, this appeal was considered on the basis of the defendant's brief, argument, appendix and record only. We agree with the defendant and reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's claim on appeal. In June, 2016, the plaintiff commenced the present action by serving a complaint, in which it claimed $37,913.27 for unpaid medical services it had provided to Edward Malley on five occasions between February 12, 2015, and July 15, 2015. Further, the plaintiff alleged that, under General Statutes § 46b-37,[3] the defendant was liable for the unpaid medical services rendered to Edward Malley.

In July, 2016, Attorney Jon C. Leary filed an appearance on behalf of the defendant and Edward Malley. Leary also filed an answer on behalf of both individuals on August 26, 2016. On three occasions, however, Leary filed motions with the court for permission to withdraw his appearance on behalf of the defendant. The clerk of court rejected Leary's first two motions to withdraw, and the third motion was marked off by the court and not again considered until the scheduled trial date.

On June 14, 2017, Leary informed the court that he was prepared to stipulate to a judgment on behalf of Edward Malley, and he further indicated that he had unsuccessfully attempted to withdraw his appearance on behalf of the defendant and that he had been unable to communicate with her. The court responded: "I can't just grant you your motion to withdraw as counsel today . . . because we don't have notice of that being heard today with [the defendant]." The court went on to state: "Nevertheless, although [the defendant] has no obligation to be here, she's not here to defend herself."

Leary read into the record a stipulation for judgment against Edward Malley in the amount of $38,355.15 plus costs in the amount of $441.89. The court then asked how it should proceed with regard to the defendant, to which the plaintiff's counsel responded that it should render a default judgment. Leary said nothing in response to this request from the plaintiff's counsel. The court thereupon entered a default against the defendant and, immediately thereafter, rendered a default judgment against the defendant in the same amount as the

stipulated judgment against Edward Malley. This appeal followed.

"We first briefly discuss our standard of review of the defendant's claim. To the extent that the defendant challenges the court's authority to enter a default, our review is plenary. . . . We also engage in plenary review with regard to the construction of any relevant statutory provisions or rules of practice. . . . Finally, provided we determine that the court had that authority to act, we review its exercise of that authority under an abuse of discretion standard." (Citations omitted; internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Bertrand*, 140 Conn. App. 646, 655–56, 59 A.3d 864, cert. dismissed, 309 Conn. 905, 68 A.3d 661 (2013). When, however, the court lacks authority to default a party, its entry of a default is erroneous as a matter of law and, thus, constitutes an abuse of discretion. *People's United Bank* v. *Bok*, 143 Conn. App. 263, 272–73, 70 A.3d 1074 (2013).

Because the defendant's claims were not raised below, we must at the outset also address the issue of reviewability. The defendant argues that "this court should reverse because the trial court's entry of default against [her] constitutes plain error." We agree with the defendant.

"Codified in Practice Book § 60-5, [t]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. . . . It is a doctrine that should be invoked sparingly and only on occasions requiring the reversal of the judgment under review. . . . Success on such a claim is rare. Plain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . .

"We engage in a two step analysis in reviewing claims of plain error. First, we must determine whether the trial court in fact committed an error and, if it did, whether that error was indeed plain in the sense that it is patent [or] readily discernable on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable. . . . [T]his inquiry entails a relatively high standard, under which it is not enough for the defendant simply to demonstrate that his position is correct. Rather, the party seeking plain error review must demonstrate that the claimed impropriety was so clear, obvious and indisputable as to warrant the extraordinary remedy of reversal. . . . Because [a] party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice . . . under the second prong of the analysis we must determine whether the consequences of the error are so grievous as to be fundamentally unfair or manifestly unjust." (Citations omitted; emphasis omitted; footnote omitted; internal quotation

marks omitted.) *Clougherty* v. *Clougherty*, 131 Conn. App. 270, 273–74, 26 A.3d 704, cert. denied, 302 Conn. 948, 31 A.3d 383 (2011).

Addressing the first prong of plain error analysis, we conclude that the court erred when it entered a default against the defendant because it clearly lacked a basis to do so. "The failure to follow a procedural rule prescribing court procedures can also constitute plain error." (Internal quotation marks omitted.) *State* v. *Corona*, 69 Conn. App. 267, 274, 794 A.2d 565, cert. denied, 260 Conn. 935, 802 A.2d 88 (2002). One of the rules that governs the court's entry of a default against a party is Practice Book § 17-19, which provides in relevant part: "If a party . . . fails without proper excuse to appear in person *or* by counsel for trial, the party may be nonsuited or defaulted by the judicial authority." (Emphasis added.) "[O]ur rules of practice do not require parties to be present for trial in civil cases, but permit them, rather, to appear through counsel . . . ." *Housing Authority* v. *Weitz*, 163 Conn. App. 778, 782–83, 134 A.3d 749 (2016) (reversing court's entry of default against defendant on basis of defendant's failure to appear for trial when her counsel was present). In fact, in this case the court acknowledged that the defendant did not have to be present for the scheduled trial because her counsel was present, stating that "she has no obligation to be here . . . ."

Despite Leary's attempts to withdraw his appearance for the defendant prior to the scheduled trial date, the court did not grant any of his motions to withdraw. At the time of the court's entry of a default against the defendant, therefore, Leary still represented her in this action. See Practice Book § 3-10 (e) ("[t]he attorney's appearance for the party shall be deemed to have been withdrawn upon the granting of the motion"). Leary admitted as much at the beginning of the hearing held on June 14, 2017, the scheduled trial date, when he introduced himself and stated that he was present "on behalf of *both* defendants." (Emphasis added.) Because the defendant's counsel was present at that time, it was not proper for the court to enter a default against her on the basis of her failure to appear.[4]

Turning to the second prong of plain error analysis, we conclude that the consequences of the error are so grievous as to be fundamentally unfair or manifestly unjust. The consequences of the error were grievous for the defendant, in that she was unable to challenge her liability for Edward Malley's medical expenses. The court's erroneous entry of a default against the defendant was the sole basis for the court's rendering of a substantial judgment against her. Moreover, the entry of a default against the defendant implicated her due process rights, as she was thereby deprived of her opportunity to be heard on the merits of the case. See, e.g., *Perugini* v. *Giuliano*, 148 Conn. App. 861, 883–84,

89 A.3d 358 (2014) ("A fundamental premise of due process is that a court cannot adjudicate any matter unless the parties have been given a reasonable opportunity to be heard on the issues involved . . . . It is a fundamental tenet of due process of law . . . that persons whose . . . rights will be affected by a court's decision are entitled to be heard at a meaningful time and in a meaningful manner." [Internal quotation marks omitted.]).

As part of plain error analysis, courts assess whether the error is likely to undermine public confidence in the judiciary. See, e.g., *Schimenti* v. *Schimenti*, 181 Conn. App. 385, 392, 168 A.3d 739 (2018). In the present case, the unwarranted entry of a default and the rendering of a default judgment against the defendant are likely to undermine public confidence in the judiciary because those actions deviated from established rules and procedures and denied the defendant's due process rights.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] The trial court also rendered a judgment by stipulation against Edward Malley. Edward Malley is not a party in the present appeal. All references to the defendant, therefore, are to Tracy Malley.

[2] The defendant also argues that even if the entry of default was proper, the trial court's rendering of a default judgment immediately after the entry of default was improper. Because we conclude that it was plain error for the court to enter a default against the defendant, we need not address this claim.

[3] General Statutes § 46b-37 (b) provides in relevant part: "[I]t shall be the joint duty of each spouse to support his or her family, and both shall be liable for . . . [t]he reasonable and necessary services of a physician or dentist . . . ."

[4] It is worth noting that a party may also be defaulted for failure to plead according the rules and orders of the court; see General Statutes § 52-121, Practice Book §§ 10-18, 17-31, and 17-32; failure to comply with discovery requests; see Practice Book § 13-14; and failure to comply with a court order; see Practice Book § 17-19. There is nothing in the record to suggest the defendant acted in a manner that justified the entry of a default against her on any of these bases.